HUMBOLDT LIVESTOCK AUCTION, INC.,
Appellee,

v.

B & H CATTLE CO., a Partnership, and William Paden and H. C. Rackley, Appellants.

Nos. 52696, 52697.

Supreme Court of Iowa.

Dec. 12, 1967.

Stipe, Davidson & Hemphill, Clarinda, for appellants.

H. A. Stoebe, Humboldt, for appellee.

MASON, Justice.

These two cases, consolidated and argued together here, involve three dishonored checks written by defendant Paden on behalf of B & H Cattle Company, defendant partnership, as the purchase price for cattle bought from plaintiff Humboldt Livestock Auction, Inc. From an order granting plaintiff summary judgment against Paden, the partnership and defendant Rackley, all defendants appeal.

Plaintiff operates a public auction market at Humboldt. During the early part of 1965 defendants had been engaged in several transactions with plaintiff in the purchase and sale of cattle through its market.

A check dated February 8, 1965, signed "B & H Cattle Co., Bill Paden" was mailed to plaintiff from Shenandoah, Paden's residence, for the purchase of cattle. Two additional checks dated February 15 with the same signature, also mailed to plaintiff from Shenandoah, covered other cattle purchases. Upon presentment to the drawee bank for payment, the checks were dishonored.

Plaintiff filed a petition February 19 based upon the two checks of February 15, another the 23rd on the February 8 check, seeking judgment against defendants and each of them for the amounts of the checks, alleging in each petition that defendant B & H Cattle Company was a copartnership composed of defendants William Paden and H. C. Rackley.

On the dates the petitions were filed original notices were served on Paden individually and upon the partnership by service on him. Plaintiff filed an affidavit of nonresidence acknowledging inability to serve defendant Rackley personally within the state in each case.

March 3 attorney R. G. Davidson filed his appearance in each cause for Paden individually and for Paden doing business as B & H Cattle Company and asked for additional time to plead.

On March 11 and 15 attorney Ivan D. Wilson filed answers stating, "Come now the defendants and each of them including the partnership and as individuals and for their answer to plaintiff's petition state, * * *." The answer amounts to a general denial.

July 25, 1966, the clerk of court gave notice pursuant to rule 215.1, Rules of Civil Procedure, noting the cases for disposition during the September 1966 term of the Page district court.

August 25 plaintiff's counsel resigned and on the 26th new counsel moved for continuance over the September term without serving notice. The court granted the continuance by calendar entry stating substantially that the motion for continuance was

sustained "by agreement of the parties in open court" and also filed a formal order in which it was stated:

"that counsel for the defendants have. been advised of the intention of the plaintiff to request a continuance of this matter until the November, 1966, term of court and have raised no objection thereto. It is, therefore, now ordered * * * that the above entitled matter be continued from the September, 1966, term of court until the November, 1966, term of court * * *."

At the assignment for the November term both causes were set for trial commencing December 27. November 23 plaintiff's second counsel withdrew and on December 12 plaintiff's present counsel moved for summary judgments on the written instruments attached to its pleadings. Hearing was set for 10 a. m. December 27 and notice was sent to defendants' attorneys of record. At approximately 11 a. m. on that day defendants Paden and the partnership filed resistance to plaintiff's motion for summary judgments and for dismissal under rule 215.1 without leave of court for late filing.

The matter proceeded to hearing, the court orally stated that plaintiff's motion for summary judgments was sustained and directed counsel to prepare and mail the formal orders to the court for signature. This was done and the orders granting summary judgments dated December 27 were filed January 5, 1967.

December 31 Paden filed a new motion for dismissal under rule 215.1, R.C.P., asserting he had not consented to the continuance of August 26, that the matter had gone beyond the final day of the November 1966 term and that under the rule he was entitled to dismissal.

January 4 defendant Rackley filed a special appearance asserting that at no time had he made any appearance in the proceedings, the court was without jurisdiction of the causes as two terms had expired after notice under rule 215.1, R.C.P., he was not served with an original notice and his special appearance was filed before judgment, decree or calendar notice.

The motions for dismissal and the special appearances were filed in each case.

After plaintiff had filed resistances to the motion to dismiss and the special appearance, Paden filed separate notices of appeal from the summary judgments January 30, Rackley on February 4.

April 27 the motions to dismiss and the special appearances were overruled.

Since the filing of the record, attorney Davidson has represented all defendants on appeal.

Attention is called to the provision of rule 344(a) (3), R.C.P. It requires a statement of errors relied on for reversal when the appeal presents questions of law.

I. In his appeal Paden contends dismissal for want of prosecution under 215.1 is automatic and not discretionary, that a motion for summary judgment is not a motion for continuance under the meaning of this rule and having asked for additional time to plead in his appearance, he is entitled to a ruling thereon prior to any motion for summary judgment. Paden also asserts his resistance was in proper form.

These contentions are without merit.

Defendants assert there is no evidence in the record of any notice of date of hearing as required by the clause "after notice and not ex parte" in rule 215.1. Plaintiff had filed written application for continuance setting forth reasons. The calendar entry and formal order of the court of August 26 were not ex parte. Mr. Wilson, counsel of record for defendants Paden, Rackley and the partnership, testified concerning a conversation with Mr. Millhone, at the time plaintiff's attorney. Wilson testified, "Well in all fairness I would say that I had made known to him [Millhone] that I had no objection to what he might do in these proceedings—to remember the exact date is impossible. I told him I had no interest in the case. They could proceed however as they

wanted. * * * I don't remember being present before the judge himself and saying that, but it is possible that I did because I had no interest in the thing except filing an answer and then washing my hands of it." Wilson had not withdrawn as counsel and it is not contended he was acting beyond his authority as counsel for Paden and the partnership.

■ Although no notice was given, the court was justified under the circumstances in finding counsel had stipulated for a continuance over the term. Of course, the court may grant a continuance upon a stipulation of the parties. The prohibition in the rule is against the parties stipulating to a continuance themselves. The rule provides that if the parties stipulate between themselves as to a continuance it must be consummated by an order entered by the court, and if possible that continuance be to a certain date. There was no substantial departure from rule 215.1, R.C.P. The court's granting the continuance over the September term was proper under the circumstances here.

■ As to the second motion for dismissal filed December 31, although we agree that a motion for summary judgment is not a motion for continuance, the matter had been fully and finally submitted to the court during the November term on December 27 and rule 215.1(a) does not apply to cases under order of submission to the court.

■ Paden and the partnership next contend that by adding a request to their appearance for additional time in which to plead, all proceedings were stayed until defendants' request had been ruled on by the court. This did not amount to securing additional time in which to plead or file motions under our rules. In all probability such instrument would not be called to the court's attention on motion day under rule 117, R.C.P., since it was not designated a motion nor did it contain the essentials thereof.

■ We do not say that in a proper case defendants may not move for time to plead or file motions at the time of entering their written appearance, but do hold that to do so effectively a motion designated as such in the form of a separate instrument setting forth sufficient reasons therefor must be filed, otherwise an appearance with the addition such as filed here will be governed by the provisions of rule 87, R.C.P.

■ Rule 238, R.C.P., provided in part: "Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at any time *after defendant appears*, before or after answer * * *" (Emphasis supplied). Defendants Paden and the partnership appeared by attorney Davidson who filed an instrument designated "appearance" with the clerk March 3, 1965. Rule 65, R.C.P. In addition answers were filed by attorney Wilson March 11 and 15.

Plaintiff's motion for summary judgment was not premature as to Paden and the partnership.

II. In its order granting plaintiff summary judgment the trial court found plaintiff's motion based upon a negotiable instrument in the form of a check was a liquidated claim within the meaning of rule 237(a), R.C.P., and, there being no resistance conforming to the Rules of Civil Procedure, the motion should be sustained.

As stated, after the time set for hearing and during the course of the proceedings Paden and the partnership filed a document entitled "Motion to Dismiss Under Rule 215.1 and Resistance to Motion for Summary Judgment." Since no leave of court had been obtained for this late filing, the court found the resistance was not timely filed in accordance with rule 238 and it did not conform to the Rules of Civil Procedure.

Of course, the proceedings for summary judgment were had under rules 237 and 238, R.C.P., as then in effect. They have since been amended effective July 1, 1967.

Paden and the partnership contend rule 238 should be liberally construed and not used to strike the resistance which was filed only four days past the ten day period.

The trial court's ruling was based upon that portion of rule 238 which then provided:

"* * * Judgment shall be entered as prayed in the motion unless within ten days after it is filed, or such other time as the court may, for good cause, allow, the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend."

Defendant cites Kriv v. Northwestern Securities Co., 237 Iowa 1189, 24 N.W.2d 751, as support for this contention. The case does not help defendant as the question of late filing was not raised in the trial court. At page 1195 of 237 Iowa and at page 754 of 24 N.W.2d, the court said:

"The Northwestern filed its motion for summary judgment on November 28, 1945. The motion was submitted on December 21, 1945, and the rulings of the court were made on December 29. Plaintiff filed no resistance to the motion until December 22, 1945. Perhaps the court might have entered judgment as prayed in the motion because plaintiff failed to file resistance within ten days. (The court allowed no further time for filing such resistance.) See Rule 238 from which we have quoted. However, so far as shown, defendants sought no relief in the trial court because of delay in filing plaintiff's resistance, the trial court's ruling was not placed upon such ground and we do not feel justified in deciding the case on a question apparently not raised in the court below."

In Mack v. Linge, 254 Iowa 963, 966, 119 N.W.2d 897, 899, we said, "We have not heretofore been called upon to determine the force and effect of the clause in Rule 238 to the effect that 'unless within ten days * * * defendant resists it with affidavits.'" The question was not reached.

Here, the late filing of the resistance was one of the grounds upon which plaintiff was granted relief. The rule as then in force meant what it said. We agree with the trial court the resistance was not timely filed.

III. Another ground upon which the court granted summary judgment was that the alleged resistance did not conform to the Rules of Civil Procedure. Plaintiff argues the court's ruling must be sustained because no evidentiary or ultimate facts sufficient to constitute a defense to plaintiff's petition are alleged. As stated, Paden and the partnership contend the resistance was in proper form. As previously noted, we disagree.

Rule 237, R.C.P., so far as applicable here, then stated: "Summary judgment may be entered in an action, upon any claim * * * (a) to recover a * * * money demand which is liquidated * * * arising on a negotiable instrument * * * or on any contract * * *."

The purpose of the summary judgment is to enable a party with a just cause of action to obtain judgment promptly and without the delay and expense of a trial, where there is no fact issue to try. Eaton v. Downey, 254 Iowa 573, 577, 118 N.W.2d 583, 585; Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 892, 119 N.W.2d 801, 803.

The debt upon which plaintiff's cause is based was liquidated. The amount claimed to be due is a "liquidated demand" within summary-judgment statute if it is susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in possession or knowledge of party to be charged. Petit v. Ervin Clark Constr. Inc., 243 Iowa 118, 126, 49 N.W.2d 508, 512, and citations.

It is clear that plaintiff's action is one in which summary judgment may be entered.

■ The judgment entered on such a motion depends on whether there is any real issue of fact as disclosed by the affidavits of those who have knowledge of the circumstances. Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 216, 106 N.W. 2d 667, 668, and citations.

■ "The sufficiency of a defensive affidavit as provided in Rule 238 is tested by the rules of pleading. As stated in Eaton v. Downey, supra [254 Iowa at 578, 118 N.W.2d at 586]: 'To determine whether the affidavit states facts sufficient to show a real defense as distinguished from conclusion we may turn to the rules of pleading. A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves.' Thus a good affidavit must consist of the statement of the ultimate or evidentiary facts in the case and, when so stated, the affiant has a right to state his conclusion based upon those facts. If such facts are not stated, a mere conclusion of the affiant will not be taken as a good faith defense and a summary judgment is required by our rule." Bjornsen Construction Co. v. J. A. Whitmer & Sons, supra, 254 Iowa at 893, 119 N.W.2d at 804.

■ Tested by that rule, examination reveals nothing stated in the 13 paragraphs of the resistance filed herein amounts to ultimate facts which constitute a defense to plaintiff's action. No real issue of fact was disclosed.

It necessarily follows the trial court was correct in sustaining plaintiff's motion as to Paden and the partnership.

IV. Rackley contends the trial court did not have jurisdiction of him at the time summary judgment was granted. He was a resident of Sulphur, Oklahoma when the suits were commenced and, as stated, no original notice was served on him within this state.

In granting summary judgment against Rackley the court found answers filed by attorney Wilson were in compliance with Paden's instructions and constituted general appearances and consent to the court's jurisdiction by all defendants in this cause. Rule 65(c), R.C.P. The court further found Rackley had not filed a special appearance before answer and that a later special appearance cannot be made which will effectively question the court's jurisdiction; also the December 27 motion filed by attorney Davidson constituted a general appearance by Rackley and therefore, the court had jurisdiction of all defendants.

In support of the court's findings plaintiff argues jurisdiction of a person in a civil case may be acquired by service of notice pursuant to statute or by defendant's general appearance, and that after such appearance no objection can be raised to jurisdiction, the method of service or lack thereof.

■ We agree jurisdiction of the person in a civil case may be acquired by service of notice pursuant to rule or by a general appearance by defendant. Emery Transportation Co. v. Baker, 257 Iowa 1260, 1264, 136 N.W.2d 529, 531, and citations; Baker v. Baker, 248 Iowa 361, 364, 81 N. W.2d 1, 3, 64 A.L.R.2d 1421. It is also true that an appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court. A general appearance prevents the entering of objections to jurisdiction for non-residence and is equivalent to personal service. Where a general appearance has been made a special appearance cannot be made which will effectively question the court's jurisdiction over defendant's person. Baker v. Baker, supra, and citations.

We do not believe Rackley questions these rules. He argues although Wilson was following Paden's instructions in filing the answers, Rackley himself had not authorized Wilson to do so and there was no evidence of any relationship existing between Paden and him which would make

Paden's acts chargeable to and binding on him.

Wilson testified he had been contacted by Paden and told to take whatever steps were necessary on behalf of all defendants so no defaults would be taken; that in filing the answers he was following Paden's instructions. At the time he filed the answers Wilson had never met Rackley nor did he know him at the time of the hearing on plaintiff's motion for summary judgment. He was never contacted by Rackley, never saw nor heard of the man nor did he know he was associated in any way with the B & H Cattle Company. He did not know anything about the company or whether it was a partnership.

We have no doubt a general appearance had been made for Rackley. The question is by what authority did Paden cause it to be made.

Plaintiff contends a partner clearly has authority to retain an attorney to defend a suit in the name of and against a partnership, and has a duty to defend both in the name of the partnership and the individuals.

■ This may be true as a general statement, but before applicable here there first must be some evidence establishing the existence of a partnership between Paden and Rackley to serve as a basis of authority for Paden to employ Wilson to defend for Rackley.

■ Written articles of agreement are not necessary to prove a partnership, since the relationship may exist under a verbal agreement or be implied from circumstances. Daniel v. Best, 224 Iowa 1348, 1358, 279 N.W. 374, 380.; Gardenhire v. Ray, 302 Ill.App. 268, 23 N.E.2d 927, 929; 68 C.J.S. Partnership § 4.

Here we have only an admission of one of the alleged partners which plaintiff seeks to assert as a basis for acquiring jurisdiction over the person of the other alleged partner. It is clear Paden's contact and instructions to Wilson accounted for the general appearance being entered for all defendants. It is not claimed Wilson was acting on Rackley's instructions.

The admission resulted from failure to plead in accordance with rule 98, R.C.P., which provides in part:

"Partnership * * * capacity; * * * may be pleaded as legal conclusions, without averring the facts comprising them. It shall not be sufficient to deny such averment in terms contradicting it, but the facts relied on must be stated."

■ As stated, plaintiff had alleged in paragraph 2 of each cause that defendant B & H Cattle Company was a co-partnership composed of Paden and Rackley. In the answers filed an attempt was made to confute this allegation by pleading "defendants deny paragraph 2 of the petition." This was not an effective denial of the existence of the partnership under the rule and resulted in a judicial admission relieving plaintiff from the necessity of producing evidence on the partnership issue as to Paden. See Hanson v. Lassek, Iowa, 154 N. W.2d 871, filed December 12, 1967.

However, unless this admission is chargeable to and binding on Rackley because of authorization, adoption, acquiescence, or other good reason, it is not sufficient to prima facie establish the existence of a partnership as the basis for claiming Paden was authorized to employ Wilson to appear for Rackley under a theory of agency.

■ It is clear that before one partner can be charged with the admission of another, the partnership relation must be shown, and that proof of the fact must be made by evidence other than the admission itself. The admission, per se, can be received only to affect the person making it, unless, of course, it can be shown that the party against whom it is offered had consented to or adopted the admission or otherwise ratified it. It becomes admissible against other partners, only upon such proof

of the relationship as makes plain the probative connection. Once the existence of the alleged partnership be prima facie established by evidence other than such admission, then the acts, declarations, and admissions of each may be proved to strengthen such prima facie case. 2 Jones on Evidence, Fifth Ed., section 351; Hunter v. Croysdill, 169 Cal.App.2d 307, 337 P.2d 174, 180; Pryor v. Kopp, 342 Mo. 887, 119 S.W.2d 228, 234; Van Hoose v. Smith, 355 Mo. 799, 198 S.W. 2d 23, 27; Pryor v. Hale-Halsell Grocery Co. (10 Cir., Okl.), 80 F.2d 995, 997. This rule applies to judicial, as well as to extra-judicial, admissions. ´ 31A C.J.S. Evidence § 318 b.

■ Under the circumstances here Paden was without authority of a partner to retain Wilson to appear for Rackley.

V. Plaintiff further contends that, by his silence and failure to make any attack on Wilson's authority, Rackley has acquiesced in and authorized the general appearance by permitting the answer to remain on file more than 21 months without moving to strike or withdraw it, if it were, in fact, filed in error.

■ "Acquiescence" is where a person knows or ought to know that he is entitled to enforce his right or to impeach a transaction, and neglects to do so for such a length of time as would imply that he intended to waive or abandon his right. Olson v. Clark, 252 Iowa 1133, 1138, 109 N.W. 2d 441, 444; City of Rome v. Reese, 19 Ga. App. 559, 91 S.E. 880, 882.

■ Ordinarily, "acquiescence" is a question of fact. There cannot be acquiescence without knowledge. The term imports this foundation for such action. One cannot acquiesce any wrong while ignorant that it has been committed. Current suspicion and rumor are not enough; there must be knowledge of facts which will enable the party to take effectual action. Nothing

short of this will do. Connell v. Clifford, 39 Colo. 121, 88 P. 850, 851, citing cases; Pence v. Langdon, 99 U.S. 578, 581, 25 L. Ed. 420, 421.

■ We have no indication from the record as to when Rackley knew or should have known that proceedings were being had, except an allegation in his special appearance. Plaintiff's contention is without merit.

■ VI. In the December 27 motion to dismiss Paden alleged "that the entire proceedings should be dismissed in full against H. C. Rackley and B & H Cattle Company under Rule 215.1 * * *, since no notice was ever served upon either of said partners of any continuance as required by said Rule 215.1 and no written notice against any of the parties was ever returned of record in the above case."

The trial court found that said motion was of itself an appearance for and on behalf of Rackley.

The court was in error. As stated, Paden did not have authority to make an appearance for Rackley by retaining counsel. For the same reasons, he did not have authority to allege in any motion or pleading any matter that would ordinarily confer jurisdiction of the person of Rackley.

VII. We hold that because the court had not acquired jurisdiction of Rackley at the time the summary judgments were granted against him, they must be set aside.

Upon full consideration of all contentions presented, we hold the judgments granted against the partnership and Paden should be and are Affirmed; the judgments against Rackley are Reversed.

Costs on appeal are taxed one half to plaintiff and one half to defendants Paden and the partnership.

All Justices concur.