GOLD CROWN PROPERTIES,
INC., Plaintiff,

v.

IOWA DISTRICT COURT FOR
POTTAWATTAMIE COUNTY,
Defendant.

No. 84–165.

Supreme Court of Iowa.

Oct. 16, 1985.

John D. Sens and John M. French of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for plaintiff.

Lyle A. Rodenburg of Lyle A. Rodenburg, P.C., Council Bluffs, for defendant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Plaintiff Gold Crown Properties, Inc., defendant in an underlying tort action, filed a motion for a formal order dismissing that action pursuant to Iowa Rule of Civil Procedure 215.1. When the district court overruled its motion, Gold Crown brought a certiorari action in this court. We transferred the proceeding to the court of appeals, which rejected Gold Crown's certiorari challenge. We granted further review and now affirm the court of appeals.

April 28, 1981, a single female, D.R.R., filed the underlying action against Gold Crown and three other defendants for inju-ries resulting from her violent rape by an alleged employee of one or more of the corporate defendants. This incident occurred in D.R.R.'s apartment, located in a complex managed by Gold Crown. D.R.R.'s complaint against Gold Crown was based upon breach of contract and negligence.

June 4, 1981, Gold Crown filed its answer. Thereafter, discovery commenced and continued steadily through April 15, 1982.

July 15, 1982, the clerk of court served the parties with the try-or-dismiss notice provided in Iowa Rule of Civil Procedure 215.1 [1] informing them that if the case was not tried by January 1, 1983, it would be dismissed unless continued pursuant to that rule. August 27, 1982, D.R.R. filed her certificate of readiness for trial.

October 22, 1982, D.R.R. filed application for continuance that stated "the cause should be continued to March 22, 1983, for dismissal unless further continuance is granted thereafter by this court." This application carried the stipulation of all interested defendants in the case. On the same date the district court, Judge Keith E. Burgett presiding, ordered that "this action shall not be dismissed under Rule 215.1," but would be continued "because the case is being prepared for trial and is set for trial on March 22, 1983." A subsequent pretrial order, filed October 26, 1982, reaffirmed the trial date and scheduled further filing dates for the parties.

Following the above orders, the parties undertook further discovery. A number of

---

1. In relevant part Iowa Rule of Civil Procedure 215.1 provides:

All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record ... and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prose-cution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. ....

No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date certain.

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

related motions were filed. The two corporate defendants other than Gold Crown filed motions for summary judgment.

February 28, 1983, a hearing was held and all these motions were submitted to the court, Judge J.C. Irvin presiding. At that time Gold Crown requested and obtained permission to promptly file its own summary judgment motion, which later was filed on March 3. Although no calendar entry was found describing the court's rulings at the February 28 hearing, Judge Irvin at a later proceeding recalled, on the record, that he had announced the action could not be reached for trial on the assigned date and would be continued because of his case load and the nature of the summary judgment motions he was taking under submission, together with other unrelated matters in the case. He further recalled that "no objection was made by any party to the continuance of the trial as indicated by the court to all counsel at that time." At the same subsequent proceeding Judge Irvin stated on the record: "The court's subsequent ruling ... was simply a recitation of what did in fact occur on February 28th. The court specifically recalls contacting the Court Administrator upon the conclusion of the hearing to obtain a new trial date."

March 4, 1983, the court filed a conforming written ruling detailing some of the events and filings in the "complex litigation." It ruled on ten of the pending motions, took the three summary judgment motions under advisement, and continued the case until June 28, 1983.

March 30, 1983, apparently anticipating that the court would be unable to meet its current trial schedule and with the summary judgment motions still under submission, the district court administrator rescheduled the trial from June 28 to July 19, 1983. A docket entry was made and the parties were notified. No objections were raised. More discovery ensued.

May 26, 1983, the court granted the summary judgment motions filed by the other two corporate defendants. D.R.R. appealed this ruling, and it was reversed by the court of appeals in *D.R.R. v. English En-*

*terprises, CATV & American Heritage Cablevision, Inc.,* 356 N.W.2d 580 (Iowa Ct.App.1984).

In May, June, and July of 1983, Gold Crown continued to take depositions and file various motions in this case. On June 23, 1983, Gold Crown filed a motion to stay the proceedings and "to strike the case from the trial calendar" on the theory D.R.R.'s appeal from the summary judgment ruling in favor of the other two corporate defendants caused the district court to lose jurisdiction. This motion was overruled.

The record reflects there had been settlement negotiations as the trial date neared. July 18, 1983, the day before trial was to commence, counsel for Gold Crown telephoned the court administrator to report the case had been settled. It was removed from the trial schedule.

August 17, 1983, D.R.R. filed a motion praying for an "order ... enforcing the settlement agreed upon, or in the alternative setting the matter for immediate jury trial." Gold Crown's resistance, filed September 12, 1983, conceded a dispute existed between the parties regarding the terms of settlement and asserted the case "should be set for trial after pre-trial conference."

September 20, 1983, the district court, Judge E.F. Hanson presiding, by calendar entry ruled that, "Case is not settled—To be set for trial at earliest possible date. If trial docket prevents trial before end of year this case shall not be dismissed under RCP 215 and shall stand continued to date fixed for trial by Court Administrator."

September 26, 1983, Gold Crown filed an application for pretrial conference, requesting the court "enter an order regarding additional pleadings, discovery, motions, jury instructions and other items."

December 16, 1983, six months having passed since the trial date, on March 22, 1983, Gold Crown filed its "Motion for Formal Order of Court Dismissing Case," pursuant to rule 215.1. Gold Crown alleged the case was not tried as scheduled on March 22, 1983, it was continued on the court's own motion without motion for con-

tinuance being made by the parties, and plaintiff had not filed or served an application for reinstatement within the six-month period permitted by the rule. The case, Gold Crown alleged, therefore was dismissed by operation of law when it was not tried on March 22, 1983, and the court was without jurisdiction to do other than enter an order formally dismissing the case, striking it from the trial calendar, and assessing all costs to D.R.R.

The above motion was resisted by D.R.R., thoroughly briefed by all parties, and submitted to the district court on December 30, 1983, Judge Burgett presiding. January 17, 1984, Judge Burgett filed an eight-page ruling. It recited the court had reviewed the four volumes of court files in the case, which had revealed "a complex litigation with multiple parties defendant involving a multitude of factual and legal issues." Trial court found the matter "was pursued vigorously in discovery, pleading, and motions" and the "attorneys were very active in the preparation of the case for trial."

The court found when the trial was rescheduled to June 28, 1983, the court thereby amended the previous pretrial order pursuant to the earlier stipulation of the parties on October 22, 1982, and by presenting the belated motions to amend and the summary judgment motions at the February 28, 1983, hearing, the parties had made an implied application for a continuance.

Trial court found Gold Crown's participation in the hearing and following proceedings estopped it from "being heard to say there was no application for a continuance." Further, the October 22, 1982, stipulation of the parties to the March 22, 1983, trial date "unless further continuance is granted thereafter *by the court*" (emphasis in ruling) was an effective application for further continuances, agreed to by the parties and ordered by the court. The court found the act of the court administrator in rescheduling the case for trial on July 19, 1983, was "to accommodate the court's trial schedule."

Trial court further found plaintiff's counsel "did everything reasonably possible to get his client's case to court" and to apply rule 215.1 to dismiss the case would unconstitutionally deny plaintiff due process of law. The court reasoned that in these circumstances it had inherent jurisdiction and power in the administration of its judicial business to reschedule cases for trial. Finally, the court found:

> A further proceeding on application of plaintiff on August 17, 1983, heard by Judge E.F. Hanson on September 20, 1983, upon notice, serves as a reinstatement of the case even if it were deemed earlier dismissed under Rule 215.1. That proceeding resulted in a calendar entry which provided in pertinent part that the case was not settled, was to be set for trial at the earliest possible date and should not be dismissed under Rule 215.1.

For these and other assigned reasons, trial court denied Gold Crown's motions.

We granted Gold Crown's petition for writ of certiorari to test this ruling and transferred the cause to the court of appeals. That court's divided opinion annulled the writ. It determined there was substantial compliance with rule 215.1 in the first continuance to June 28, 1983, and "[i]t would be exalting form over substance to force plaintiff to apply for a continuance after the [trial] court has already announced sua sponte its intention to continue the case and both parties have had notice and an opportunity to object." The court of appeals similarly found no fatal legal flaw in the subsequent rescheduling of the case to July 19, 1983. The court held, however, when that date passed without trial and without a new trial date set the case was automatically dismissed under rule 215.1.

The court of appeals nonetheless reasoned D.R.R.'s motion for continuance filed December 21, 1983, and her January 13, 1984, resistance to Gold Crown's dismissal motion together constituted an attempt to preserve her case for trial and properly could be viewed in substance as a motion

for reinstatement, under the rule that a trial court has the authority to look at the substance of a motion rather than its title. Both of these filings were within the six-month period following the aborted July 19, 1983, trial date. The court of appeals found trial court's January 17, 1984, ruling denying Gold Crown's motion for formal dismissal and granting D.R.R.'s application for rule 215.1 continuance, coupled with its finding that the case had been reinstated by Judge Hanson's prior order, was sufficient in itself to serve as a reinstatement order.

Gold Crown's application for further review attacks the court of appeals decision, asserting (1) trial court's sua sponte continuance at the time of the February 28, 1983, hearing did not meet the requirements of rule 215.1; (2) the ex parte rescheduling order of the court administrator extending the trial date to July 19, 1983, similarly was fatally flawed; and (3) the filings made by D.R.R. following that date were insufficient to constitute the application for reinstatement mandated by rule 215.1. We address these issues in the divisions that follow.

I. *The continuance from the March 22, 1983, trial date.*

'*A.* As noted in the above factual recital, this case first was set for trial on March 22, 1983. As that date approached at least twelve motions were pending, including two motions for summary judgment. With all interested parties represented, these motions were submitted in open court on February 28, 1983, Judge Irvin presiding. Gold Crown asked for and received permission to promptly file its own summary judgment motion to be considered with the others. Judge Irvin stated that in view of his own trial schedule and the complexity

of the motions, he was going to continue the case. No objections were raised by the parties.

Even if we were to ignore the knowledge of modern district court structure and procedures that this court must possess in order to fulfill its constitutional mandate to exercise administrative control over Iowa's courts,[2] it is clear under this record that in the fourth judicial district the duty to coordinate the trial docket and schedule cases for trial has been delegated to the court administrator. Judge Irvin thus promptly contacted the court administrator, secured an available trial date, and entered his March 4, 1983, order noting the summary judgment motions were taken under submission and specifying the new June 28, 1983, trial date. When the previously scheduled trial date of March 22, 1983, was reached, a new trial date already had been fixed and the three summary judgment motions not only were pending, they had been submitted to the court and were under its consideration.

This is the distinguishing difference between *Brown v. Iowa District Court,* 272 N.W.2d 457, 458–59 (Iowa 1978), relied on by Gold Crown, and *Humboldt Livestock Auction, Inc. v. B & H Cattle Co.,* 261 Iowa 419, 422–26, 155 N.W.2d 478, 481–83 (1967), which presented a factual situation strikingly similar to the one before us. When the final trial date was reached in *Brown* no substitute date had been scheduled. 272 N.W.2d at 458 ("It was not tried then nor was any further continuance requested or granted."). Although we there rejected the argument that the case should not have been dismissed under rule 215.1 when a summary judgment was on file, *id.,* we neither cited to nor distinguished *Humboldt Livestock Auction.*

2. In *State v. Thomas,* 222 N.W.2d 488 (Iowa 1974), we wrote:

Courts properly take judicial notice of the public and private official acts of judicial departments of the state, and may take judicial notice of the ordinary course of business in an office of the court. ... The court has judicial knowledge of its own administrative structure.

*Id.* at 492. *See Moskowitz v. LaGuardia,* 183 Misc. 33, 37, 48 N.Y.S.2d 174, 177 (N.Y.Sup.Ct.), *aff'd,* 268 A.D. 918, 51 N.Y.S.2d 758 (1944), *aff'd,* 294 N.Y. 830, 62 N.E.2d 388 (1945); *Gonzalez v. Wright,* 151 Tex. 307, 308, 249 S.W.2d 587, 587 (1952) (per curiam).

■ In the latter case a summary judgment motion had been filed, heard on the date fixed for trial, and submitted to trial court. No ruling, however, was filed until after the try-or-dismiss term had ended. *Humboldt Livestock Auction,* 261 Iowa at 424, 155 N.W.2d at 482. The parties, who there asserted the case had been dismissed automatically pursuant to rule 215.1, contended no motion for continuance had been made before the term had ended. We held:

> [A]lthough we agree that a motion for summary judgment is not a motion for continuance, the matter had been fully and finally submitted to the court during the November term on December 27 and *rule 215.1(a) does not apply to cases under order of submission to the court.*

*Id.* at 426, 155 N.W.2d at 483 (emphasis added). It would be anomalous indeed to hold that a party submitting a complex, dispositive motion to the court had not by that action impliedly stipulated the court should have reasonable time to consider and rule on it. In other situations we have held pending matters over which the court had taken jurisdiction will carry a case past the rule 215.1 deadline for trial. *See Schimerowski v. Iowa Beef Packers, Inc.,* 196 N.W.2d 551, 554 (Iowa 1972). We conclude here, as we did in *Humboldt Livestock Auction,* that rule 215.1 did not trigger a dismissal of this action on March 22, 1983.

*B.* Moreover, D.R.R. advances a second valid reason for rejecting Gold Crown's contention the case was dismissed when not tried on the first assigned trial date. D.R.R. asserts the parties intended their stipulation on October 22, 1982, to relate not only to that continuance, but to future continuances required by the course of the active litigation. We agree.

■ Contrary to Gold Crown's arguments, we have never held an application is the sole vehicle for securing a valid rule 215.1 continuance order. The language of the rule, "No continuance under this rule shall be by stipulation of parties alone but must be by order of court," implies a proper stipulation, followed by a court order,

may be substituted for an application by one of the parties. We have so held. *Humboldt Livestock Auction,* 261 Iowa at 425, 155 N.W.2d at 483 ("Of course, the court may grant a continuance upon a stipulation of the parties. The prohibition in the rule is against the parties stipulating a continuance themselves."); *see Baty v. City of West Des Moines,* 259 Iowa 1017, 1025, 147 N.W.2d 204, 209 (1966); *Talbot v. Talbot,* 255 Iowa 337, 339, 122 N.W.2d 456, 458 (1963).

■ Here the application of D.R.R. recited a pretrial conference had been held and the trial date had been set for March 22, 1983. It asserted "the cause should be continued to March 22, 1983, for dismissal unless *further* continuance is granted thereafter *by this court.*" (Emphasis added.) This statement was "stipulated and agreed to," with the signatures of counsel for all three interested defendants. At the hearing on February 28, 1983, or at least by the subsequent March 4, 1983, enrolled order, the court did in fact grant a "further" continuance.

There was substantial evidence to support the finding in Judge Burgett's final order that the parties intended this document to be a continuing "authority" to the court to reschedule the trial date in the "orderly [course] of the administration of the court business."

All of the subsequent conduct of Gold Crown substantiates the conclusion that it did in fact intend its stipulation to be a continuing one, approving the subsequent rescheduled trial dates made necessary by the complexities of the case and the exigencies of the trial court case load. Gold Crown continued to pursue discovery and file motions and applications, culminating in its September 26, 1983, "Application for Pre-Trial Conference." This application was filed after the three dates that had been fixed for trial and alleged "the case should now be tried," more discovery "may be necessary," and a new pretrial conference should be ordered.

■ Upon oral submission of the application for further review in this court, Gold

Crown's counsel, when asked why his client had taken all these steps in an action it deemed dismissed as of March 22, 1983, stated Gold Crown's motive was to save time should an application for reinstatement be filed by D.R.R. We do not endorse litigation by ambush. We find substantial evidence to support at least a narrow interpretation of Judge Burgett's conclusion that this conduct by Gold Crown, in all the circumstances, estopped it from claiming a dismissal under rule 215.1. Gold Crown at least should be held estopped from asserting that its stipulation was not a continuing one, consenting to further continuances ordered by the court beyond the March 22, 1983, first-assigned trial date. *Seymour v. City of Ames*, 218 Iowa 615, 619, 255 N.W. 874, 876 (1934) ("An estoppel is based upon the idea that one who has made a certain representation ... should not thereafter be permitted to change his position to the prejudice of one who has relied thereon."); *see Johnston v. State Bank*, 195 N.W.2d 126, 128–29 (Iowa 1972); *Laverty v. Hawkeye Security Insurance Co.*, 258 Iowa 717, 726, 140 N.W.2d 83, 88–89 (1966); *Wetzstein v. Dehrkoop*, 241 Iowa 1237, 1243–45, 44 N.W.2d 695, 698–99 (1950).

*C.* Finally, with respect to the March 22, 1983, trial date, we believe this case is controlled by *Kutrules v. Suchomel*, 258 Iowa 1206, 141 N.W.2d 593 (1966). In *Kutrules* we wrote:

> We have never said that a case should be dismissed for lack of prosecution while on the active trial assignment, assigned for trial on a date certain and before the arrival of the trial date. ...
>
> ... Plaintiff had filed two Certificates of Readiness and had asked for trial. The case was at issue. Plaintiff's counsel had done everything he could do except ask for continuance and continuance was not what he wanted. He wanted a trial.

*Id.* at 1213, 141 N.W.2d at 598.

Capsulating the *Kutrules* holding in *Baty,* we observed:

> Under [the *Kutrules*] record this court held no delay could be attributed to plaintiff by assent or otherwise. Under those circumstances we were satisfied plaintiff disclosed ample grounds for relief.
>
> Rule 215.1 was intended to be a shield, not a sword. It was not designed as a technicality to trap a diligent party and prevent him from having a day in court.

259 Iowa at 1026, 147 N.W.2d at 210.

For the above reasons we hold this case was not automatically dismissed on March 22, 1983.

II.  *The continuance from the June 28, 1983, trial date.*

We already have noted that on March 30, 1983, Judge Irvin was still considering the summary judgment motions. The court administrator, apparently anticipating the court could not meet the June 28, 1983, trial date, rescheduled the trial for July 19. The parties were notified promptly. They raised no objections and continued with discovery and additional filings.

Gold Crown argues the court administrator is not a judge and the administrator's ex parte rescheduling in this instance, without an application and "an order of court entered thereon after notice," was inadequate to satisfy rule 215.1 requirements.

The record in this case demonstrates the fourth judicial district has followed modern court administration, endorsed by this court, in delegating the assignment of cases and the trial docket to court managers (in the fourth district, the court administrator), thus providing the judges more time for judicial functions.

■ Much of our rationale set out in the last division applies here. On March 30, 1983, Judge Irvin still had the summary judgment motions under consideration. He had a heavy trial schedule. The parties had stipulated agreement to "further" continuances by the court. The district judges had delegated that administrative power to the court administrator. Before the June

28, 1983, trial date was reached, he rescheduled the trial to start July 19, 1983. Judge Burgett found this to be necessary "to accommodate the Court's trial schedule," a finding no party has disputed in this litigation.

We hold this case was not automatically dismissed on June 28, 1983, and, therefore, face the question of its status when not tried on July 19, 1983. Our factual recital has pointed out this failure was occasioned by Gold Crown's call to the court administrator on July 18, 1983, reporting the case had been settled.

We suggested in *Psotka v. Brockney*, 260 N.W.2d 413 (Iowa 1977), that "irregularity or fraud in the dismissal of [a] case" might make a difference. *Id.* at 414. Fraud is not asserted here, nor need we explore this "irregularity" because we are of the opinion that, assuming the case was dismissed, it was reinstated.

### III. *Application for reinstatement.*

Gold Crown's application for further review asserts the court of appeals erred in holding D.R.R.'s application for continuance from the operation of rule 215.1, coupled with its resistance to Gold Crown's motion for formal order of dismissal, could be considered as an application for reinstatement.

We start from the premise that

[a] statute giving the court power to set aside dismissals is remedial, intended to be liberally construed and applied to the end that meritorious trials may be had.

*Rath v. Sholty*, 199 N.W.2d 333, 337 (Iowa 1972) (quoting 27 C.J.S. *Dismissal & Nonsuit* § 78, at 491 (1959)). Reinstatement is mandatory upon a showing of oversight, mistake, or other reasonable cause. *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978).

Preliminarily, we also note this is not the typical case of neglected pursuit on the plaintiff's part. District court docket en-

tries up to the time of the final ruling would constitute about four and one-half pages, typewritten and single spaced on letter-size paper. The district court filings were in four volumes, five and one-half inches in height. Substantial evidence supported the trial court finding the action "was pursued vigorously in discovery, pleadings and motions" and the "attorneys were very active in the preparation of the case for trial."

The problem is placed in proper perspective by reviewing the sequence of events leading up to and following the July 19, 1983, trial date. Surprisingly, Gold Crown, which later took the position it knew all along that the case was automatically dismissed on March 22, 1983, nonetheless was engaged in settlement negotiations with D.R.R. On the day before trial, Gold Crown's counsel called the court administrator's office to report a settlement and the case was dropped out of the assignment.[3] Shortly thereafter a disagreement must have arisen concerning the settlement terms. August 17, 1983, D.R.R. filed a motion for an order "enforcing the settlement agreed upon, or in the alternative setting the matter for immediate jury trial." Gold Crown's resistance, filed September 12, 1983, alleged, inter alia, that D.R.R.'s counsel had refused to permit her to sign the settlement papers prepared by Gold Crown's counsel, and that "the matter should be set for trial after pre-trial conference." September 20, 1983, this matter was submitted to the court, Judge Hanson presiding. The court ruled the case had not been settled, would not be dismissed under rule 215:1, and would "stand continued to date fixed for trial by Court Administrator."

September 26, 1983, Gold Crown filed an application for pretrial conference. December 12, 1983, the court administrator assigned the case for trial on March 13, 1984. December 16, 1983, Gold Crown filed its "Motion for Formal Order of Court Dis-

---

**3.** Upon the oral submission of the application for further review, counsel for Gold Crown commendably confirmed this was the fact.

missing Case," asserting the action had been dismissed by operation of rule 215.1 on March 22, 1983, and that no motion for reinstatement had been filed within the mandatory six-month period.

December 21, 1983, D.R.R. filed an "Application for Continuance to Avoid 215.1 Dismissal," reciting that the case in good faith was thought to be settled before the last trial date and thus not heard, that the case now was set for trial for March 13, 1984, and that the action "be continued to March 13, 1984."

The court administrator set these matters for hearing on December 30, 1983. D.R.R. later filed a resistance to Gold Crown's dismissal motion which was considered by the court in its ruling. In this resistance D.R.R. alleged her active pursuit of trial, the continuing nature of the October 22, 1982, stipulation, the order by Judge Hanson reinstating the case if in fact it had been dismissed before that date, and prayed that Gold Crown's motion be overruled. January 17, 1984, Judge Burgett filed the ruling that denied Gold Crown's motion and granted D.R.R.'s application.

The court of appeals held the two above filings by D.R.R. substantially met the rule 215.1 requirements of an application for reinstatement. *See Vinson v. Linn-Mar Community School District*, 360 N.W.2d 108, 115 (Iowa 1984) (two continuance orders—one not a rule 215.1 continuance— read together substantially complied with rule 215.1). The court noted both parties were represented at the hearing and presented their arguments.

In the unique circumstances of this case, we agree. We do not consider it dispositive that D.R.R. entitled her motion an application for continuance rather than an application for reinstatement. She unquestionably sought a holding that her consistent demand for trial not be frustrated by rule 215.1. Among other compelling grounds D.R.R. alleged the "settlement" that derailed the July 19 trial date had collapsed upon the expiration of six months following the first March 22, 1983, trial date.

The substance of D.R.R.'s filings was to preserve her case for trial. That was, in the final analysis, the relief she sought. This court often has observed that we look to the substance of a motion rather than its title. *Peoples Trust & Savings Bank v. Baird*, 346 N.W.2d 1, 2 (Iowa 1984); *State v. Wilt*, 333 N.W.2d 457, 460 (Iowa 1983); *E & M Machine Tool Corp. v. Continental Machine Products, Inc.*, 316 N.W.2d 900, 903 (Iowa 1982). We have indicated that form must give way to substance. *Tigges v. City of Ames*, 356 N.W.2d 503, 510 (Iowa 1984); *see Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 312 (Iowa 1982) ("The motion to dismiss in this case was directed to the lack of subject matter jurisdiction of the court. ... The district court correctly recognized that this claim was in reality a challenge to the plaintiff's capacity to maintain the action.").

■ Under these principles and in light of our recognition that trial court's power should be liberally applied to set aside dismissals to allow trials on the merits, we agree with the court of appeals that D.R.R.'s filings were adequate to constitute an application for reinstatement.

We affirm the decision of the court of appeals. The writ of certiorari heretofore issued is annulled. Costs in this action are taxed to Gold Crown. We remand for further proceedings consistent with this opinion.

DECISION OF COURT OF APPEALS AFFIRMED; WRIT ANNULLED; CASE REMANDED FOR FURTHER PROCEEDINGS.