Walter **MORTVEDT**, Appellant,

v.

**BETHANY MANOR, INC.,** and **Michael Bonello**, Appellees.

No. 89–82.

Supreme Court of Iowa.

July 18, 1990.

Thomas Mann, Jr. of Mann and Mann, Des Moines, for appellant.

Brian L. Campbell of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and SNELL, JJ.

SCHULTZ, Justice.

This appeal arises from the dismissal of an action pursuant to Iowa Rule of Civil Procedure 215.1.[1] This rule provides that a case be automatically dismissed for want of prosecution unless grounds for continuation are shown.

On the dismissal date, January 1, 1988, the district court had plaintiff's submitted motion for summary judgment under advisement. The significant issue on appeal is whether a submitted motion for summary judgment falls within an exception to the automatic dismissal provision of rule 215.1 or merely allows the court to retain jurisdiction to rule on the motion. Judge Dale Ruigh held that automatic dismissal occurred when the case was not continued under the rule and the motion for summary judgment denied. The court of appeals disagreed and held that the submitted motion was subject to the exemption in rule 215.1 for cases "under order of submission to the court." We agree with the court of appeals.

As the appeal issues center on our civil rule designed to expedite litigation, the time required to bring this action to trial is important to this ruling. Walter Mortvedt sued his former employer, Bethany Manor, Inc., and the employer's administrator, Michael Bonello, under several theories of liability arising out of the termination of his employment. His action was filed in March 1986. On July 29, 1987, the clerk of court gave a routine rule 215.1 notice, indicating that the case would be dismissed if not tried by January 1, 1988. Plaintiff filed a certificate of readiness on August 11, 1987 which was resisted by defendants. On October 12, the hearing was held on the resistance, and the trial court entered pretrial orders setting discovery and pleading deadlines for January 1988. On November 10 the district court administrator set the case for trial on August 30, 1988.

---

1. Rule 215.1 provides that the clerk give notice by August 15 to the parties in all cases that have been filed for more than one year on July 15. The rule provides in pertinent part:

   All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. This rule shall not apply to cases (a) pending on appeal from a court of record to a higher court or under order of submission to the court....

   No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date certain.

   The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

No motion for a continuance to avoid the rule 215.1 dismissal was filed. Plaintiff filed a motion for summary judgment in October, which was set for hearing on November 16, 1987. The motion was heard by Judge Carl Baker and taken under advisement. The ruling denying the motion was not filed until January 6, 1988.

The parties treated the case as active. The parties continued discovery and on July 7, 1988, plaintiff filed a motion for adjudication of law points. On July 15, the trial court refused to rule on the motion, noting that the case had been dismissed pursuant to rule 215.1. On July 23, plaintiff filed a motion to reinstate the case and a petition to vacate the dismissal. These requests were not made within the six-month time period required by rule 215.1 and were denied by the district court. Plaintiff appealed.

Plaintiff made various arguments in district court to avoid the dismissal including a claim that rule 215.1 is inapplicable when there is a pending motion for summary judgment. In its order denying plaintiff relief, the district court did not address this claim. We believe that the district court erred in this respect.

We have addressed the effect of pending motions for summary judgment on cut-off dates under rule 215.1. *See Gold Crown Properties v. Iowa Dist. Court*, 375 N.W.2d 692, 697 (Iowa 1985); *Brown v. Iowa Dist. Court*, 272 N.W.2d 457, 458–59 (Iowa 1978); *Humboldt Livestock Auction, Inc. v. B & H Cattle Co.*, 261 Iowa 419, 425–26, 155 N.W.2d 478, 483 (1967). In *Humboldt* and *Gold Crown* we held that the motion avoided dismissal, but in *Brown* we applied the dismissal rule.

In *Humboldt* the case had been continued to a subsequent term. When that term ended, the district court had a motion for summary judgment under submission; a hearing on this motion had been previously held. Plaintiff did not seek an additional motion for continuance to remove the case from the dismissal rule. The court granted summary judgment after the term ended. It overruled defendant's motion to dismiss by holding that the case was not automatically dismissed at the end of the term. We indicated that rule 215.1 was not applicable to a submitted motion for summary judgment. *Humboldt*, 261 Iowa at 426, 155 N.W.2d at 483. We stated: "Although we agree that a motion for summary judgment is not a motion for continuance, the matter had been fully and finally submitted to the court ... and rule 215.1(a) does not apply to cases under order of submission to the court." *Id.*

In *Gold Crown*, the motion for summary judgment was submitted and under advisement by the court when the cut-off date of a previous rule 215.1 continuance passed. We stated: "We conclude here, as we did in *Humboldt*, ... that rule 215.1 did not trigger a dismissal of this action [on the deadline date]." *Gold Crown*, 375 N.W.2d at 697. We discussed additional reasons based on estoppel and on the delegation of the case's assignment to the control of the court for rejecting the automatic dismissal. *Id.* at 698.

On the other hand, in *Brown* we have held that a pending motion for summary judgment does not operate as an automatic continuance and that the obligation to obtain a continuance remains if a dismissal is to be avoided. 272 N.W.2d at 458. We have distinguished this outcome, however, from the results in *Humboldt* and *Gold Crown*. *See Gold Crown* 375 N.W.2d at 696–97. In *Brown* there was no trial scheduled past the cut-off date and the motion for summary judgment was simply on file, but in *Humboldt* and *Gold Crown* the motions had been filed, heard and submitted to the court. *See Id.*

Defendants urge that if the motion for summary judgment is unsuccessful, rule 215.1 operates to automatically dismiss the action. This reasoning prevails when a motion to continue is submitted and under advisement on the cut-off date. *Schimerowski v. Iowa Beef Packers, Inc.*, 196 N.W.2d 551, 554 (Iowa 1972). In *Schimerowski* we reasoned that the district court retained jurisdiction to rule on the submitted motion while the motion was under advisement. *Id; Anderson v. National By-Products, Inc.*, 257 Iowa 921, 923, 135

N.W.2d 602, 603 (1965). We warned that if the motion was overruled, "the result to plaintiff's cause may be fatal." *Schimerowski,* 196 N.W.2d at 554. Although defendants' argument would result in a speedier disposition of cases and avoid the delay of a new rule 215.1 notice by the clerk, it does not take into account that submitted summary judgment motions are exempt from the provisions of rule 215.1.

Cases under appeal "or under order of submission to the court" are not subject to the application of rule 215.1. In *Humboldt,* we concluded that a motion for summary judgment differs from a request for continuance. 261 Iowa at 426, 155 N.W.2d at 483. We then specifically held that rule 215.1 does not apply to a motion submitted to the court. *Id.* Although we cited additional reasons to support our result, we acknowledged this exemption for submitted motions in *Gold Crown,* 375 N.W.2d at 697; *see also Strader v. Morrill,* 360 So.2d 1137, 1138 (Fla.Dist.Ct.App.1978) (speedy trial rule, which allows dismissal if no activity demonstrated by certain filings for a period of a year, held inapplicable to motion for summary judgment under submission to the court); *Nicacio v. Yakima Chief Ranches, Inc.,* 63 Wash.2d 945, 948, 389 P.2d 888, 889–90 (1964) (operation of speedy trial rule tolled by timely filed motion for summary judgment). We similarly conclude that the submitted motion tolls the operation of rule 215.1.

We conclude that there can be no automatic dismissal when an exemption from the rule has been established. *See Allied Gas & Chem. Co. v. Federated Mut. Ins. Co.,* 365 N.W.2d 26, 31 (Iowa 1985). In *Allied* an unresolved appeal was pending on the dismissal date. We agreed that the effect of a continuance granted on certain terms was to hold the dismissal in suspen-

sion until the conditions of the continuance were met. *Id.* We distinguished such a conditioned continuance from other rule 215.1 exemptions:

> If there is an appeal, or if other rule–215.1 grounds for exemption are established, rule 215.1 is inapplicable. Thus, there is no dismissal to hang in suspension over the case. In that situation, a notice under rule 215.1 must be sent anew after the grounds for exemption are removed.

*Id.* Since we have concluded that a submitted motion for summary judgment exempts a case from the provisions of rule 215.1, plaintiff's action was not subject to dismissal under its provisions. The district court erred in refusing to void the dismissal and reinstate the case.

The court of appeals also addressed plaintiff's complaints concerning an earlier ruling by Judge Baker denying his motions for summary judgment. The court of appeals saw no merit in plaintiff's contention and affirmed Judge Baker's ruling. We agree.

The decision of the court of appeals is affirmed. The dismissal by the district court is overruled. The ruling on the motion for summary judgment by the district court is affirmed.

DECISION OF THE COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, AND REVERSED IN PART, AND REMANDED.