Maurice P. ROACH, Appellant,

v.

Brian E. CROUCH, Iowa Engineered Processes Corp., and James C. Hurley, Appellees.

No. 92–1925.

Supreme Court of Iowa.

Nov. 23, 1994.

Robert J. Hearity and Barton Schwieger of Schwieger & Hearity, Waterloo, for appellant.

Larry Cohrt of Swisher & Cohrt, Waterloo, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

This interlocutory appeal challenges the district court's ruling that plaintiff Maurice Roach's claims to sole inventorship of a patent cannot be litigated in state court. We affirm.

In 1980, Roach and two colleagues formed Iowa Engineered Processes Corporation (IEPC) to develop, manufacture, and market a machine utilizing a "cascade" process for cleaning and deburring metal parts. The process was patented by Roach and his partners who thereafter assigned the patent to IEPC. At that time, Roach was IEPC's president and majority shareholder.

For reasons not pertinent to this appeal, Roach no longer controlled IEPC when, in July 1986, the corporation sought a patent for improvements to the cascade process. It is this patent for improvements that is the subject of this appeal. The patent application designated Roach and defendant Brian Crouch, an IEPC employee, as co-inventors. Roach, claiming sole inventorship, protested the issuance of the patent in Crouch's name. Because Roach refused to sign either the patent application or any assignment of his patent ownership rights to IEPC, Crouch made the application and assignment on behalf of both of them.

The Commissioner of Patents and Trademarks issued the patent in 1989, listing Roach and Crouch as co-inventors. Roach took no administrative appeal from the commissioner's decision. Instead he sought a declaratory judgment in federal court that he was the sole inventor *and* sole owner of the improved cleaning and deburring machine and process. He named Crouch, IEPC, and James Hurley (the new president of IEPC) as defendants. The defendants moved to dismiss, arguing that Roach's claims rested on ownership rights in the patent that were matters of state law over which the federal court had no jurisdiction.

The federal court sustained defendants' motion, but on slightly different grounds. First, it noted that the code section upon which Roach's amended complaint relied, 35 U.S.C. § 116 ¶(3), provides relief solely for errors made in the patent *application* process. Once a patent has been *issued,* the court said, redress of inventorship errors must be sought under 35 U.S.C. § 256. Failure by Roach to establish a factual basis for federal jurisdiction under this section compelled dismissal of the case. The court went on to hold that Roach's infringement and damage claims—which arguably involved federal patent laws—depended on resolution of patent ownership, a matter not involving a substantial federal question.

Rather than seeking further relief in the federal courts, Roach proceeded to state court. Defendants again moved for partial summary judgment, this time contending that Roach's inventorship—as distinguished from *ownership*—claims were within the exclusive jurisdiction of the federal court. The Iowa district court agreed, ruling that it lacked subject matter jurisdiction over a case involving inventorship and the issuance of patents. It left for trial, however, the issue of Roach's ownership rights in his half of the joint inventorship. This interlocutory appeal by Roach followed.

Roach claims on appeal that "inventorship equals ownership." From this premise he asserts the court (1) erroneously declined to assume jurisdiction over the entire suit, and (2) erroneously refused to apply the doctrine of judicial estoppel to prevent the defendants

from advancing inconsistent positions in state and federal court thereby "shut[ting] him out of all available forums."

■ Our review from a dismissal based on lack of subject matter jurisdiction is for the correction of errors at law. *In re Marriage of Russell,* 490 N.W.2d 810, 811 (Iowa 1992).

■ I. Contrary to Roach's contention, "[i]t is elementary that inventorship and ownership are separate issues." *Beech Aircraft Corp. v. EDO Corp.,* 990 F.2d 1237, 1248 (Fed.Cir.1993).

[I]nventorship is a question of who actually invented the subject matter claimed in a patent. Ownership, however, is a question of who owns legal title to the subject matter claimed in a patent, patents having the attributes of personal property.

At the heart of any ownership analysis lies the question of who first invented the subject matter at issue, because the patent right initially vests in the inventor who may then, barring any restrictions to the contrary, transfer that right to another, and so forth. However, who ultimately possesses ownership rights in that subject matter has no bearing whatsoever on the question of who actually invented that subject matter.

*Id.* (citations omitted). Roach's suit contested both Crouch's status as co-inventor *and* Crouch's right to assign Roach's ownership rights in the patent to IEPC. The question is whether, as the district court held, the inventorship issue falls within the exclusive jurisdiction of the federal court. We believe that it does.

■ The governing statute, 28 U.S.C. § 1338(a), grants original jurisdiction to the federal courts in civil actions "arising under any Act of Congress relating to patents," such jurisdiction being "exclusive of the courts of the states in patent, plant variety protection and copyright cases." *Id.* Not all matters involving inventorship, however, "arise under" the patent laws or trigger exclusive federal jurisdiction. A distinction has historically been drawn between a "case" and a mere "question." *Hanson v. Hall Mfg. Co.,* 194 Iowa 1213, 1216, 190 N.W. 967, 968 (1922). A case, identified by examination of a plaintiff's pleading for proof that the recovery sought rests on a right established in patent law, falls within the exclusive realm of the federal courts. *Pratt v. Paris Gaslight & Coke Co.,* 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458, 460 (1897). Questions, on the other hand, are matters incidental to patent law but "not beyond the competency of the state tribunals." *Id.* Elaborating further on the distinction, the Supreme Court recently held that § 1338(a) jurisdiction extends

only to those cases in which a well-pleaded complaint establishes either [1] that federal patent law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811, 825 (1988); *see also* 60 Am. Jur.2d *Patents* § 962 (1987) (federal jurisdiction turns on whether cause of action is created by federal patent law or state common law).

In the portion of Roach's complaint dismissed by the district court, Roach claimed that Crouch did not contribute to the invention of the deburring machine and, accordingly, that the patent naming him as a co-inventor was issued in error. Defendants contend this is a case falling squarely within federal jurisdiction because 35 U.S.C. § 256 furnishes the statutory relief Roach seeks. Section 256 states in part:

Whenever through error a person is named in an issued patent as the inventor ... and such error arose without any deceptive intention on his part, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

When a contest arises over whether an error has been made, the statute provides that "[t]he court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly." 35 U.S.C. § 256.

A recent federal case strongly supports defendants' argument that Roach's claim arises under—and must be resolved by—federal patent law. In *MCV, Inc. v. King–Seeley Thermos Co.*, 870 F.2d 1568 (Fed.Cir. 1989), the plaintiff—much like Roach—brought a cause of action for determination of inventorship and the correction of the named inventor in a patent. Starting with the first test under *Christianson*, the court observed that "MCV's cause of action *is created by* section 256 which explicitly authorizes judicial resolution of co-inventorship contests over issued patents." *Id.* at 1570 (emphasis added). The court also examined the pleadings for evidence of a substantial federal question. It reasoned that, once inventorship was decided, the question would still remain whether error arose "without deceptive intention" within the meaning of section 256. Because one answer would permit correction of the patent, but the opposite view could invalidate it, recovery necessarily depended on resolution of a substantial question of federal patent law, thereby conferring § 1338(a) jurisdiction. *Id.* at 1571; *see Christianson*, 486 U.S. at 807–08, 108 S.Ct. at 2173, 100 L.Ed.2d at 824 (to demonstrate case arising under federal patent law, it must appear that some right or privilege will be defeated by one construction, or sustained by opposite construction of patent laws).

Following the reasoning of *MCV*, we believe the district court correctly ruled that Roach's cause of action for correction of the patent arises under 35 U.S.C. § 256 and poses a substantial federal question, thus rendering federal jurisdiction exclusive. *See Air Prod. & Chems. v. Reichhold Chems.*, 755 F.2d 1559, 1564 (Fed.Cir.1985). As the *MCV* court noted, the legislative history of § 256 reveals that, prior to its enactment, no statutory provision existed for correcting mistakes in the determination of persons named as inventors after a patent was issued. *Id.* at 1570; *Dee v. Aukerman*, 625 F.Supp. 1427, 1429 (S.D.Ohio 1986). Section 256 thus created the exclusive vehicle for correction of a bona fide mistake in joining a person as inventor. No state law can furnish the relief Roach seeks. The district court was correct in so ruling.

II. Roach claims alternatively that because the defendants succeeded in defeating his action on jurisdictional grounds in federal court, they should have been prevented—in state court—from claiming exclusive federal court jurisdiction. Under the circumstances, Roach argues, it was error for the court to refuse to apply the doctrine of judicial estoppel. Like the district court, we are convinced the claim is without merit.

The doctrine of judicial estoppel "prohibits a party who successfully and unequivocally asserts a position in one proceeding from asserting an inconsistent position in a subsequent proceeding...." *Graber v. Iowa Dist. Court*, 410 N.W.2d 224, 227 (Iowa 1987). A fundamental feature of the doctrine, however, is the successful assertion of the inconsistent position in the earlier action. *Id.* at 228. Without that caveat, the rule's application would be unwarranted because no risk of inconsistent or misleading results would exist. *Id.* In addition, application of the doctrine requires proof of an intentional attempt to mislead the court with the inconsistency. *Id.*

Here the record reveals that the federal court's dismissal of Roach's inventorship claim rested not on the defendants' assertion of state court jurisdiction, but on Roach's failure to establish a factual basis for relief under the proper federal statute. Any contention by the defendants regarding state court jurisdiction related to Roach's *ownership* claims, matters properly triable in state court. *See Beghin–Say Int'l, Inc. v. Rasmussen*, 733 F.2d 1568, 1570–71 (Fed.Cir. 1984) (no patent law question arises out of complaint alleging contractual patent ownership); *Kleinerman v. Snitzer*, 754 F.Supp. 1, 2 (D.Mass.1990) (action to determine title rested on common-law tort principles, not patent laws); *Omaha Cold Storage Terminals, Inc. v. Cunningham*, 1 U.S.P.Q.2d 1591, 1592, 1986 WL 15548 (N.D.Iowa 1986) (federal court lacks subject matter jurisdiction over ownership claim). Under the district court's ruling, the ownership issue remains to be tried in state court. Because neither an inconsistency nor a deliberate attempt to mislead has been shown, application of the

doctrine of judicial estoppel was properly refused.

**AFFIRMED.**