John F. DUDER, Appellant,

v.

Randall J. SHANKS, Appellee.

No. 03–1036.

Supreme Court of Iowa.

Nov. 19, 2004.

Theodore Boecker of Sherrets & Boecker, L.L.C., Omaha, Nebraska, for appellant.

John M. French of Peters Law Firm, P.C., Council Bluffs, for appellee.

TERNUS, Justice.

The plaintiff, John Duder, appeals an order confirming the automatic dismissal of his lawsuit against the defendant, Randall Shanks, under Iowa's uniform rule for dismissal for want of prosecution, Iowa Rule of Civil Procedure 1.944 (formerly known as rule 215.1). Duder claims he did not receive a try-or-dismiss notice, and therefore the case was not automatically dismissed under the rule. He also asserts a district court order setting the case for trial and approving the parties' stipulation to remove the case from the clerk's dismissal list effectively avoided dismissal or, alternatively, reinstated the case. Finally, he argues because the defendant's counsel stipulated to have the case removed from the dismissal list, he should be estopped from now claiming that the case has been dismissed. We, like the district court, find no merit in these arguments. Therefore, we affirm the district court judgment.

## I. *Background Facts and Proceedings.*

In August 1998 John Duder brought suit against Randall Shanks, his former attorney, to resolve a fee dispute between them.[1] By late 2000 discovery had been completed, the court had ruled on the parties' motions for summary judgment, and the case was ready for trial. The clerk's court calendar for this case contained a notation that on July 18, 2000, a notice of dismissal under rule 1.944 was sent to the attorneys of record.

In December 2000 counsel for Duder attempted to contact Shanks' attorney to have a pretrial order entered, but did not reach defense counsel until January 2, 2001. At that time both attorneys signed a preprinted form for a pretrial order to be presented to a judge for approval. The plaintiff's counsel had added the following typewritten sentence after the preprinted heading for "Additional Provisions": "This case shall be removed from the Rule 215 dismissal list." This order, which was signed by a district court judge on January 3, 2001, provided that trial would be held on November 27, 2001.

On July 31, 2001, the defendant moved to dismiss the case based upon the contention the matter had been automatically dismissed by operation of law on January 1, 2001. The defendant asserted the parties' January 2, 2001 stipulation did not save the claim, and it was too late to have the matter reinstated because the six-month period for filing an application for reinstatement had expired. The plaintiff resisted, arguing (1) rule 1.944 does not provide for automatic dismissal; (2) the

plaintiff's counsel had not received a try-or-dismiss notice or subsequent notification from the clerk that the case had been dismissed as is customary in that county; (3) the plaintiff had complied with rule 1.944 by obtaining the pretrial order setting the case for trial and removing it from the dismissal list; (4) even if the case had been automatically dismissed, defense counsel had stipulated to its reinstatement and should be bound by that stipulation; and (5) the defendant's counsel had acted in bad faith. The district court denied the defendant's motion, finding that the January 3, 2001 pretrial order had taken the case off the clerk's dismissal list, and as a result, the clerk had not sent the customary dismissal notice to the parties. The court further found the clerk and the plaintiff's attorney had both relied on the pretrial order and did not believe that any further action was required to keep the case alive. The court held the defendant was estopped to assert dismissal had occurred in view of the fact that his counsel had stipulated to removing the case from the dismissal list. Finally, the district court held that even if the case had been dismissed by operation of law, the dismissal was set aside by the stipulated pretrial order signed by the court on January 3, 2001. This court subsequently denied the defendant's application for interlocutory appeal.

On February 13, 2003, the defendant filed a renewed motion to dismiss and motion for summary judgment based upon the plaintiff's failure to try the case prior to January 1, 2001. The plaintiff again

---

1. Although the merits of the plaintiff's suit against the defendant were immaterial to the issues raised on appeal, approximately 277 pages in a 355–page appendix were devoted to summary judgment pleadings addressing the merits of the plaintiff's claim for damages! (Rule 1.944 applies to meritorious lawsuits and unmeritorious lawsuits alike.) Similarly,

an extensive factual background unrelated to the issues to be decided in this appeal was incorporated in the appellant's brief. The inclusion of these materials unnecessarily complicated our review of this case. Parties are urged in the future to limit the materials in the appendix to those pertinent to the issues under review.

resisted, but this time the district court granted the motion to dismiss. *See generally Hoefer v. Wis. Educ. Ass'n Ins. Trust,* 470 N.W.2d 336, 339 (Iowa 1991) ("Iowa adheres to the general rule that a district court judge may review and change a prior interlocutory ruling of another district judge in the same case."). First, although the plaintiff had not reasserted his prior argument that his attorney had not received the try-or-dismiss notice, the court found that it was "unquestionably clear that the plaintiff was aware of the pending dismissal issue by the language of his motion filed January 2, 2001," referring to removal of the case from the dismissal list. The court then held (1) dismissal under rule 1.944 was automatic and no order from the court was necessary; (2) the plaintiff had not substantially complied with requirements for obtaining a continuance to avoid dismissal; and (3) the case was automatically dismissed on January 1, 2001. The court concluded that the filings and order of January 2 and 3, 2001 could not be deemed a reinstatement, and the clerk's failure to send a notice of dismissal was of no consequence. Finally, the court held the plaintiff could not rely on estoppel to excuse his failure to properly seek reinstatement. Because the present case had been dismissed by operation of law and no reinstatement had been sought, the district court concluded it was required to grant the motion to dismiss.

The plaintiff appeals, raising the following issues: (1) the case was not subject to dismissal because the plaintiff's counsel did not receive a try-or-dismiss notice; (2) rule 1.944 does not provide for automatic dismissal; (3) the clerk of court did not issue a dismissal notice in January 2001, as would be customary if the case had been dismissed; (4) the defendant's counsel stipulated to reinstatement in the pretrial order approved by the court and should be estopped from claiming the court had no authority to remove the case from the dismissal list; (5) the case was reinstated by the court on January 3, 2001; and (6) this court's denial of the defendant's application for interlocutory appeal from the first ruling denying dismissal constituted a determination that the initial ruling was correct.

## II.   *Scope of Review.*

A district court's ruling on a motion to dismiss is reviewed for correction of errors at law. *Bartsch v. Bartsch,* 636 N.W.2d 3, 5 (Iowa 2001). If the trial court has made findings of fact, those findings are binding on the reviewing court if they are supported by substantial evidence in the record. *Id.* The reviewing court is "not bound, however, by the trial court's application of legal principles or its conclusions of law." *Id.*

## III.   *Was This Case Automatically Dismissed Under Rule 1.944?*

Rule 1.944 states in pertinent part:

1.944(2) All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record ... of the docket number, the names of parties, counsel appearing, and date of filing petition. The notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte.

. . . .

1.944(5) No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date certain.

1.944(6) The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

Iowa R. Civ. P. 1.944. "The purpose of rule [1.944] is to promote expeditious trial of cases on the merits by clearing the docket of dead cases and assuring 'the timely and diligent prosecution of those cases that should be brought to a conclusion.'" *O'Brien v. Mullapudi*, 405 N.W.2d 815, 816 (Iowa 1987) (citation omitted). The rule sets out the specific manner in which this policy will be accomplished. We have held its terms are positive, definite, and mandatory, and its operation is not discretionary with the court. *Talbot v. Talbot*, 255 Iowa 337, 340, 122 N.W.2d 456, 458 (1963).

■ Rule 1.944 provides that a case not tried within the stated timeframe will be dismissed unless the plaintiff establishes "satisfactory reasons for want of prosecution" or shows "grounds for continuance." Iowa R. Civ. P. 1.944(2). The trial court has discretion to grant a continuance for just cause, but there must be a timely application for a continuance; the court has no authority to continue a matter on its own. *Talbot*, 255 Iowa at 340–41, 122 N.W.2d at 458. Moreover, if the case has not been continued prior to the date set for dismissal, dismissal is automatic, provided the try-or-dismiss notice required by the rule has been served on the parties. *See Greif v. K–Mart Corp.*, 404 N.W.2d

151, 154 (Iowa 1987) (dismissal automatic); *Erickson v. Salama*, 379 N.W.2d 904, 906 (Iowa 1986) (service of try-or-dismiss notice a prerequisite to dismissal); *Greene v. Tri–County Cmty. Sch. Dist.*, 315 N.W.2d 779, 781 (Iowa 1982) (dismissal automatic). So, we first consider whether the required try-or-dismiss notice was served in this case.

■ Service of the try-or-dismiss notice must be provided pursuant to the methods set out in Iowa Rule of Civil Procedure 1.442. *See* Iowa R. Civ. P. 1.944(2). In pertinent part, that rule states: "Service shall be made by delivering, mailing, or transmitting by fax (facsimile) a copy to the attorney or to the party at the attorney's or party's last known address.... Service by mail is complete upon mailing." Iowa R. Civ. P. 1.442(2). Despite the fact that service is accomplished upon mailing and consequently it is not necessary to show receipt, proof that an addressee did not receive a piece of mail is competent evidence that it was not mailed. *Liberty Mut. Ins. Co. v. Caterpillar Tractor Co.*, 353 N.W.2d 854, 858 (Iowa 1984).

■ The factual record on this issue in the present case includes evidence of a notation in the records of the clerk of court that a try-or-dismiss notice was sent to the plaintiff's counsel on July 18, 2000. The plaintiff's attorney filed an affidavit, however, stating that a search of his firm's office files revealed no try-or-dismiss notice in 2000 referencing this suit. The district court concluded nonetheless that the plaintiff's counsel obviously was aware of the pending dismissal as indicated by his attempts before the end of the year to have the matter continued. Although the court did not make an express finding that the try-or-dismiss notice was served on the parties' attorneys, such a finding is implicit in the court's ruling that the lawsuit was automatically dismissed on January 1,

2001. *See EnviroGas, L.P. v. Cedar Rapids/Linn County Solid Waste Agency*, 641 N.W.2d 776, 782 (Iowa 2002) (presuming "factual matter was resolved so as to support the court's ultimate ruling"); *Bankers Trust Co. v. Fidata Trust Co.*, 452 N.W.2d 411, 413 (Iowa 1990) (same); *Brichacek v. Hiskey*, 401 N.W.2d 44, 46 (Iowa 1987) (assuming "as fact an unstated finding that is necessary to support the [court's] judgment").

We think the clerk of court's record of mailing the try-or-dismiss notice and the subsequent actions of the plaintiff's counsel consistent with receipt of the notice constitute substantial evidence to support the district court's finding that the notice was served as required by rule 1.944. Therefore, this factual finding is binding on us. It follows then that the case was automatically dismissed on January 1, 2001, as there is no contention the matter was tried or continued prior to that date. The clerk of court's apparent action in removing the case from the clerk's list of dismissed cases had no legal effect. *See Greif*, 404 N.W.2d at 154 (holding the clerk's "[f]ailure to note the dismissal of record does not save [a] case" that has been automatically dismissed); *Baty v. City of West Des Moines*, 259 Iowa 1017, 1023, 147 N.W.2d 204, 208 (1966) (same). Accordingly, in January 2001, the only way the plaintiff's suit could have been saved was through reinstatement by the court upon a properly supported application. *See Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978) (holding trial court was without authority to try a case that had been automatically dismissed "unless it was properly reinstated according to rule [1.944]"). We turn now to the issue of reinstatement.

## IV. *Was the Case Reinstated After Its Dismissal on January 1, 2001?*

Rule 1.944 provides for mandatory or discretionary reinstatement. To qualify for either, however, an application for reinstatement, "setting forth the grounds therefor," must be filed within six months of dismissal. Iowa R. Civ. P. 1.944(6); *see Greene*, 315 N.W.2d at 781 (holding court has no discretion in the matter in the absence of a timely application). The plaintiff claims that the pretrial order approved by the parties and signed by the court constituted a de facto reinstatement of the case. The district court rejected this argument, noting that the stipulated order was never intended by the plaintiff to be an application for reinstatement because "the plaintiff contended at that time and continues to contend at this time that there has, in fact, been no dismissal of this case at any point in time."

We agree with the district court's view of the situation. The pretrial order did not address the matter of reinstatement; it merely took the case off the clerk's list of dismissed cases. But as we have already noted, the inclusion or exclusion of a case from this list has no legal significance. Cases are dismissed automatically without any action by the clerk of court. Consequently, the parties' agreement to remove the case from the clerk's list did not prevent its dismissal.

For the same reason, the stipulated order did not accomplish reinstatement of the plaintiff's action. No showing was made in January 2001 of any grounds justifying mandatory reinstatement. *See* Iowa R. Civ. P. 1.944(6) (requiring reinstatement "upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause"). Nor was there any showing at that time to support discretionary reinstatement. The lack of any such showing is attributable to the fact that the plaintiff did not intend to seek reinstatement in January 2001. As the

plaintiff acknowledges in his appellate brief, his intent in having the defendant stipulate that the case could be removed from the dismissal list was "to *avoid* the necessity of filing a formal motion to vacate and/ *or to reinstate the case.*" (Emphasis added.)

The plaintiff's reliance on our decision in *Gold Crown Properties, Inc. v. Iowa District Court,* 375 N.W.2d 692 (Iowa 1985), is misplaced. In that case, the plaintiff filed an application for continuance after the dismissal date and shortly thereafter filed a resistance to a motion for a formal order of dismissal that had been filed by the defendant. *Gold Crown Props.,* 375 N.W.2d at 699–700. We noted that when read together the plaintiff's filings "substantially met the rule [1.944] requirements of an application for reinstatement." *Id.* at 700. Not only did the substance of the plaintiff's pleadings evidence an effort to preserve the case for trial, more significantly, the pleadings set forth "compelling grounds" for reinstatement. *Id.* In contrast, the plaintiff here, as we have pointed out, made no showing of grounds warranting reinstatement. Therefore, we cannot say that he substantially complied with the requirements for reinstatement set forth in rule 1.944(6). *Cf. Ray v. Merle Hay Mall, Inc.,* 621 N.W.2d 696, 698 (Iowa

Ct.App.2000) (rejecting argument that parties' stipulation to a trial date beyond dismissal date was in effect a stipulation for a continuance under rule 1.944, distinguishing *Gold Crown* and noting that setting a trial date was ministerial whereas party was required to set forth reasons for a continuance). For these reasons, the pretrial order did not operate to reinstate the plaintiff's suit. *See generally Greene,* 315 N.W.2d at 782 ("Because the stakes are high, and the results harsh, the formalities prescribed to implement the rule [1.944] procedure must be strictly observed."). Accordingly, the matter stood dismissed unless there is merit to the plaintiff's estoppel argument, an issue we now address.

## V. *Is the Defendant Estopped From Contending the Case Was Not Dismissed or Was Reinstated?*

Relying on the doctrine of judicial estoppel, the plaintiff contends the defendant's stipulation estops the defendant from taking the position that this suit was automatically dismissed or that it was not reinstated upon the court's approval of the pretrial order.[2] "The doctrine of judicial estoppel 'prohibits a party who successfully and unequivocally asserts a position in one proceeding from asserting an inconsistent position in a subsequent proceeding.' "

**2.** The plaintiff asserts in his brief that the present case "calls for the application of the doctrine of judicial estoppel (or just estoppel)." Despite the reference to "just estoppel," the plaintiff directed his argument solely to the theory of judicial estoppel. It is unclear whether the other estoppel theory to which the plaintiff referred was promissory estoppel or equitable estoppel because the plaintiff did not discuss the elements of any other estoppel theory or cite any case support for another type of estoppel. We conclude, therefore, that the plaintiff's casual reference to "just estoppel" is not sufficient to raise an additional estoppel theory for appellate review. *See Schreiber v. State,* 666 N.W.2d 127, 128 (Iowa 2003) ("[W]hile the petitioners al-

lude to equal protection in one sentence in their appellate brief, they do not present an argument on the issue, and it could be deemed waived."); *Soo Line R.R. v. Iowa Dep't of Transp.,* 521 N.W.2d 685, 691 (Iowa 1994) (stating "random mention of [an] issue, without elaboration or supportive authority, is insufficient to raise the issue for [reviewing court's] consideration"). Therefore, we consider only the claim of judicial estoppel and express no opinion on whether the doctrines of promissory estoppel or equitable estoppel would have warranted relief in this matter. *See* Iowa R.App. P. 6.14(1)(*c* ) ("Failure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue.").

*Roach v. Crouch,* 524 N.W.2d 400, 403 (Iowa 1994) (citation omitted); *accord Wilson v. Liberty Mut. Group,* 666 N.W.2d 163, 166 (Iowa 2003). Judicial estoppel also applies when inconsistent positions otherwise meeting the requirements of this doctrine are taken in the same proceeding. *See* 28 Am.Jur.2d *Estoppel and Waiver* § 74, at 498–99 (2000).

We think the district court correctly determined this doctrine does not apply. There is no evidence in the record that the defendant ever successfully and unequivocally took the position that this case had not been automatically dismissed. *See Graber v. Iowa Dist. Ct.,* 410 N.W.2d 224, 228 (Iowa 1987) ("[A] fundamental feature of the doctrine of judicial estoppel is the successful assertion of the inconsistent position in a prior action. Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent, misleading results exists."). As we have previously discussed, the clerk's dismissal list was of no legal effect and the defendant's agreement that the case be removed from this list could not and did not prevent the case from being dismissed. In fact, the case had already been dismissed by operation of law when the parties signed the stipulated pretrial order, and there was nothing the parties or the court could do after the fact to undo the dismissal short of a formal reinstatement of the case. *See Koss v. City of Cedar Rapids,* 300 N.W.2d 153, 157 (Iowa 1981) ("Absent an application and order for continuance, neither the district court nor the supreme court has power to avoid [dismissal] once the procedure was set in motion by the clerk's [try-or-dismiss] notice."). Therefore, to the extent the defendant can be held to have asserted the case had not been dismissed by virtue of his agreement to the pretrial order, that position was not successful.

Nor does the doctrine of judicial estoppel apply to preclude the defendant from arguing that the case was not reinstated in January 2001. As the district court correctly observed, neither party intended the pretrial order to operate as a reinstatement of the matter. Therefore, the defendant's position that the case was not reinstated by the court's pretrial order is not inconsistent with the parties' earlier stipulation to remove the case from the clerk's dismissal list.

The plaintiff complains that had the clerk sent a notice of dismissal in January 2001, or had the defendant's attorney asserted at that time that the case had already been automatically dismissed, he would have taken action within six months of the dismissal to have the case reinstated. While we do not approve of the defendant's strategic silence, we think the defendant simply agreed to what the plaintiff requested. Unfortunately for the plaintiff, that agreement—to remove the case from the clerk's dismissal list—had no legal consequence. The plaintiff cannot now blame the defendant because this agreement did not accomplish what the plaintiff thought it would or fault the defendant for not advising the plaintiff that he should instead seek to have the case reinstated. Ultimately the responsibility for ensuring this case was not dismissed for want of prosecution or was properly reinstated rested with the plaintiff, not with the clerk of court or with the defendant. *See Greif,* 404 N.W.2d at 154 ("The responsibility for keeping a case alive must rest squarely on the shoulders of the party seeking to avoid dismissal."); *Baty,* 259 Iowa at 1023, 147 N.W.2d at 208 (same). The plaintiff chose to ignore the rules and procedures governing the prompt prosecution of this case and cannot now be saved from the consequences of that conduct under the theory of judicial estoppel. *See generally Greene,* 315 N.W.2d at 782 ("Because the stakes

are high, and the results harsh, the formalities prescribed to implement the rule [1.944] procedure must be strictly observed.").

VI. *Was the Supreme Court's Rejection of the Defendant's Application for Interlocutory Appeal an Adjudication of the Correctness of the First Order Ruling the Case Had Not Been Dismissed?*

As noted earlier, after the district court's rejection of the defendant's first motion to dismiss, this court denied the defendant's application for interlocutory appeal. The plaintiff claims this court's ruling indicates our agreement with the district court's decision. The reasoning underlying this claim is as follows: If the case had been automatically dismissed, the district court's ruling would have been a final judgment and there would have been no legal basis for this court to reject the appeal. Alternatively, the plaintiff contends this court's decision not to hear the appeal indicates our agreement with the district court's ruling that the case was still pending.

These arguments must fail. The plaintiff's first argument ignores the fact that the district court had ruled the case was not automatically dismissed. Until corrected by the district court or reversed on appeal, that ruling kept the plaintiff's case alive. Therefore, the district court's ruling on the defendant's first motion to dismiss was interlocutory and could be reviewed by an appellate court only if permission to appeal were granted. Therefore, this court's handling of the case when an interlocutory appeal was sought was entirely consistent with the status of the case at that time and did not rest on our independent conclusion that the case had not been automatically dismissed.

Likewise, this court's denial of the defendant's application for interlocutory appeal cannot be interpreted as indicating our agreement with the district court's ruling. Our decision to deny the application means that we will *not* address the merits of the district court's ruling. Therefore, it is incorrect to interpret the denial as a decision on the merits.

VII. *Summary.*

There is substantial evidence in the record to support the trial court's finding that a try-or-dismiss notice was sent by the clerk of court to the parties' counsel. Therefore, the case was automatically dismissed pursuant to rule 1.944(2) on January 1, 2001, when the plaintiff failed to have the matter continued before that date. The January 3, 2001, stipulated order removing the case from the clerk's dismissal list was ineffective to prevent dismissal as the case had already been automatically dismissed on January 1, 2001, and no further action was required by the clerk or the court to effectuate the dismissal.

In addition, the pretrial order did not serve to reinstate the case. The order expressly sought to prevent dismissal, not to have the matter reinstated. Moreover, the court cannot interpret the stipulation as a request for reinstatement for two reasons. First, it is undisputed that the plaintiff did not subjectively intend to seek reinstatement at that time and did not request the defendant to stipulate to reinstatement. Second, the stipulated pretrial order did not substantially comply with the requirements for an application to reinstate. Consequently, this case was not reinstated by the court's pretrial order.

The defendant was not estopped from asserting the case had been automatically dismissed and not reinstated.

The defendant did no more than comply with the plaintiff's request to remove the case from the clerk's dismissal list. Judicial estoppel cannot rest on the defendant's failure to volunteer an opinion that the stipulated action would not save the plaintiff's case.

Finally, this court's denial of the defendant's application for interlocutory appeal from the district court's ruling on his first motion to dismiss did not operate as an adjudication on the merits of the district court's ruling or otherwise indicate the correctness of that ruling.

Finding no basis for reversal, we affirm.

**AFFIRMED.**