# IN THE COURT OF APPEALS OF IOWA

No. 19-2084
Filed September 2, 2020

**JUNK BROTHERS LAND AND CATTLE,**
    Plaintiff-Appellant,

**vs.**

**BUCHANAN COUNTY, IOWA,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Buchanan County, Bradley J. Harris, Judge.

Junk Brothers Land and Cattle appeals the district court ruling dismissing its petition for breach of contract and entering judgment on Buchanan County's counterclaim for breach of contract regarding a lease to pasture land entered by the parties. **AFFIRMED**.

James T. Peters and R.J. Longmuir of Peters & Longmuir, PLC, Independence, for appellant.

Daniel G. Clouse, Independence, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

The basic facts of this case are fairly straightforward. In 2014, Junk Brothers Land and Cattle[1] (Junk Brothers) and Buchanan County, Iowa, signed a three-year written lease whereby Junk Brothers rented a pasture owned by the county. Junk Brothers made the first yearly rental payment on March 1, 2015, and entered the property for the first time that day. According to Junk Brothers, it then discovered the pasture fencing not visible from the road had deteriorated to the point that some of the fencing was buried in the ground. In addition, gates in the corral area of the pasture had been removed. Junk Brothers informed the county that repairs were needed to the fencing, and the county agreed to make them. However, in July 2015, before the county could make the repairs, Junk Brothers refused to honor the lease because it was unable to keep cattle in the pasture as it intended. In response, the county again solicited bids to rent the property after new fencing was installed in August 2015, and the county eventually accepted a new bid at a lower rate than Junk Brothers had agreed to pay.

Junk Brothers filed a petition alleging it and the county had entered a written contract in the form of the lease and the county had breached the contract. The county filed an answer in which it admitted the lease was a valid contract between it and Junk Brothers and also filed a counterclaim seeking damages from Junk Brothers for breach of contract. Following a bench trial, the district court found Junk Brothers had failed to show the county had breached the lease and also found Junk Brothers had breached the lease by terminating it early. The district court

---

[1] Junk Brothers Land and Cattle is a partnership consisting of two partners with the last name Junk.

awarded the county damages calculated by taking the total amount Junk Brothers owed under the lease, subtracting the amount Junk Brothers paid, and subtracting the amount the replacement tenant owed for the remainder of the original lease term. Junk Brothers appeals.

The parties maintain that our review of this case is de novo, which is appropriate for equity cases. Iowa R. App. P. 6.907. However, we disagree that this is an equity case rather than an action at law.[2] "Generally, an action on contract is treated as one at law." *Van Sloun v. Agans Brothers, Inc.*, 778 N.W.2d 174, 178–79 (quoting *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 502 (Iowa 1975)). In actions based on nonperformance of a contract where the remedy sought is monetary damages, the action is at law. *Id.* Both Junk Brothers's claim and the county's counterclaim are based on breach of contract, and the only remedy sought by either party was money damages. Therefore, we conclude this is a law action. "The standard of review for a breach of contract action is for correction of errors at law." *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107,

---

[2] While we note this case was given an equity case number at the district court, and the district court's ruling referred to the parties as petitioner and respondent (nomenclature typically used in equity cases) rather than plaintiff and defendant (nomenclature typically used in law actions), we suspect this came about because of an apparent error in the petition. In the caption of the petition, Junk Brothers was referred to as "petitioner" while the county was referred to as "defendant," an incongruity that was compounded by Junk Brothers being referred to as "plaintiff" throughout the body of the petition. We suspect Junk Brothers was referenced as "petitioner" in the caption of the petition by mistake and this mistake led the clerk to assign the case an equity case number, even though it is a law action. The incongruous "petitioner and defendant" method of referring to the parties continued in some later filings, but then even later filings included captions referring to the parties as "plaintiff and defendant." Given the random and inconsistent method of referring to the parties throughout the filings, we place no weight on the equity case number assigned to the case or the district court's reference to the parties as petitioner and respondent in determining whether this is an action at law or equity.

110 (Iowa 2013). If the district court's findings of fact are supported by substantial evidence, we are bound by those findings. *Id.* However, the district court's legal conclusions or application of legal principles do not bind us. *Id.*

On appeal, Junk Brothers argues the lease was voidable because there was no meeting of the minds between it and the county due to a mutual mistake as to the condition of the fence when the lease was signed. We do not reach the merits of this argument because we find two issues alluded to in the district court's ruling, but not addressed in the parties' briefs, are dispositive, namely error preservation and judicial estoppel against inconsistent positions.

As to error preservation, the district court noted in its ruling that Junk Brothers raised the issue of mistake or lack of meeting of the minds for the first time in its written closing argument and the position taken in the written closing argument conflicted with the position taken in Junk Brothers's pleadings and at trial. Due to the conflicting and late nature of this argument, the district court declined to address it. While we agree with the district court that Junk Brothers's after-the-fact raising of this issue was too late, of particular importance as it relates to error preservation is the fact that Junk Brothers's written closing argument urged "there [was] no contract because the minds of the parties [did] not meet" and "[t]here was no meeting of the minds and therefore no contract exist[ed]." This conflicts with Junk Brothers's position on appeal, which is that there was a contract but it was voidable. Due to Junk Brothers raising a different issue on appeal than raised at the district court, Junk Brothers has failed to preserve error on its claim the contract is voidable. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party

cannot sing a song to us that was not first sung in trial court."). Although the county did not raise this error preservation issue, we are free to do so on our own motion. *See Top of Iowa Coop v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.").

As to judicial estoppel, in its petition, Junk Brothers alleged the existence of a contract between the parties and sought damages for breach of that contract. Nowhere in the petition does Junk Brothers allege mistake, allege lack of meeting of the minds, or seek avoidance of the contract. The county admitted the existence of a contract in its answer and counterclaim. The case was tried based on those pleadings, and the district court ruled on the claims as alleged in the pleadings. Having taken the position in its pleadings and at trial that there was a valid contract for which it was entitled to recover damages for its breach, Junk Brothers cannot now take the opposite position that the lease was not a binding contract and seek the remedy of avoidance. *See State v. Duncan*, 710 N.W.2d 34, 43 (Iowa 2006) ("A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the adverse party." (quoting *Snouffer & Ford v. City of Tipton*, 129 N.W. 345, 350 (Iowa 1911))); *Wilson v. Liberty Mut. Group*, 666 N.W.2d 163, 166 (Iowa 2003) (describing judicial estoppel as "a 'common sense' rule, designed to protect the integrity of the judicial process by preventing deliberately inconsistent —and potentially misleading—assertions from being successfully urged in succeeding tribunals"); *Duder v. Shanks*, 689 N.W.2d 214, 221 (Iowa 2004)

("Judicial estoppel . . . applies when inconsistent positions otherwise meeting the requirements of this doctrine are taken in the same proceeding."); *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 23 (1st Cir. 1998) ("We generally will not permit litigants to assert contradictory positions at different stages of a lawsuit in order to advance their interests."). Although neither party raised this issue in its brief, "[b]ecause the doctrine is intended to protect the courts rather than the litigants, an appellate court may raise estoppel on its own motion." *Duncan*, 710 N.W.2d at 43–44. We determine Junk Brothers is estopped from arguing the lease was not a binding contract or that it was voidable, having taken a contrary position in its pleadings and presentation of evidence.

Finding these two issues dispositive, we do not reach the issue raised by the parties, which is whether there was a mutual mistake and whether that made the contract voidable. In fact, we would be unable to address this issue even if we felt it appropriate to do so. As noted, the district court declined to address this issue because it was raised for the first time in Junk Brothers's written closing argument submitted after trial. Junk Brothers did not file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) or any other motion asking the district court to expand its ruling to address the issue. Filing such a motion is required to preserve error "when the district court fails to resolve an issue, claim, or other legal theory properly submitted for adjudication." *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) (quoting *Explore Info. Servs.*, 636 N.W.2d 50, 57 (Iowa 2001)). With no ruling on this issue, we have no factual findings or legal conclusions by the district court on this issue to review.

**AFFIRMED.**