# IN THE COURT OF APPEALS OF IOWA

No. 21-1814
Filed August 3, 2022

**ED ALLEN,**
    Plaintiff-Appellant,

**vs.**

**CITY OF WAUKEE, IOWA, and LINDA BURKHART,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dallas County, Michael Jacobsen, Judge.

A property owner challenging a municipal utility lien appeals the district court's grant of summary judgment for the city. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

David L. Leitner of Leitner Law Office, West Des Moines, for appellant.

Steven P. Brick and Matt O'Hollearn of Brick Gentry, P.C., West Des Moines, for appellees.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

A property owner sued the City of Waukee and its director of finance, Linda Burkhart,[1] to enjoin enforcement of a lien placed on his property for delinquent utility bills. The district court granted summary judgment for the city, dismissed the property owner's petition, and granted the city's counterclaim for overdue bills plus an administrative fee. The property owner appeals. We affirm in part, reverse in part, and remand for trial.

**I. Background Facts & Proceedings**

Ed Allen owns a two-unit duplex in Waukee. In fall 2020, Allen was billed $61.11 for gas, garbage collection, water, sewer, and storm water collection. Allen complained to Waukee about the bill, and the city agreed to remove the charges for water, sewer, and gas. Allen did not pay the reduced bill. So—*according to the city's evidence*—the city sent Allen a letter on December 16, 2020. The letter explained that a lien would be placed on the duplex if Allen did not pay the delinquent bill within thirty days. Still, Allen did not pay. So, in January 2021, the Dallas County Treasurer placed a lien on Allen's property for the unpaid bill plus a $5.00 administrative fee. The county treasurer notified Allen by mail.

Allen brought this action to enjoin the lien on his property. He claimed the lien was "illegal and void" because Waukee "failed to serve the notice of intent to certify a lien" on Allen, and because "the underlying debt is improper." In its answer, Waukee denied Allen's allegations and also counterclaimed for the delinquent utility bills and attorney fees.

---

[1] For the sake of simplicity, we refer to "the city" or "Waukee" when referencing both defendants.

Waukee moved for summary judgment. Waukee argued the undisputed facts showed that Allen owed—but refused to pay—$23.25 for utilities. Waukee also argued its lien was valid because, among other things, notice was properly given. So, Waukee argued, Allen's petition should be dismissed and Waukee's counterclaim should be granted. Specifically, Waukee asked for a judgment for "$23.25 for the delinquent utility bill," "the $5.00 administrative fee added by the [c]ounty [t]reasurer for certifying and filing the lien,"[2] plus attorney fees.

With its motion, Waukee submitted an affidavit from Kathleen Ostring, the Utility Customer Service Supervisor for the city. Ostring stated that "[d]efendant City of Waukee mailed to Allen" the December 2020 lien notice. Ostring further specified that the notice "was sent by ordinary mail" to Allen's "primary residence and the same address set forth on" Allen's "tax records" for the duplex. But Ostring's affidavit did not state *who* addressed the lien notice and placed it in the mail.

Allen resisted Waukee's motion. He asserted summary judgment was improper because material facts were disputed. On one hand, Allen argued a question of material fact existed as to whether the city had given proper notice of the lien. In a statement under penalty of perjury,[3] Allen stated that he "never

---

[2] *See* Iowa Code § 384.84(5) (2021) ("The governing body of the city utility or enterprise may charge up to five dollars, and the county treasurer may charge up to five dollars, as an administrative expense of certifying and filing this lien, which amounts shall be added to the amount of the lien to be collected at the time of payment of the assessment from the payor.").

[3] Allen's statement is entitled "affidavit" but it is not notarized. Because the statement was appropriately certified under penalty of perjury, however, its effect is the same as an affidavit for present purposes. *See* Iowa Code § 622.1; Iowa R. Civ. P. 1.413(4).

received the 30 day notice" from Waukee. And this sworn statement, Allen argued, was "competent evidence" that the lien notice was not actually mailed.

Allen also raised constitutional concerns. He claimed that Waukee's application of Iowa Code section 384.84—the statute that governs billing for municipal utilities—"is unconstitutional" because "it denies procedural due process." He also argued that several provisions of Waukee's city code "do not meet rational basis."

The district court granted Waukee's motion. The court found no merit in Allen's constitutional arguments. And because the Iowa Code only required the lien notice to be "sent," the court believed it did not matter whether Allen actually received the notice or not. So the district court dismissed Allen's petition and granted Waukee's counterclaim. The court awarded the city $23.25 for the delinquent utility bill, a $5.00 administrative fee for the lien, plus attorney fees.[4]

Allen filed an Iowa Rule of Civil Procedure 1.904(2) motion to amend and enlarge the district court's findings. Waukee resisted. But before the district court could rule on the motion, Allen appealed. Divested of jurisdiction, the district court never ruled on the motion to enlarge. *See Garrison v. New Fashion Pork LLP*, ___ N.W.2d ___, ___, 2022 WL 2347783, at *7 (Iowa 2022) (noting the "moving party is deemed to have waived and abandoned a posttrial motion when that party files a notice of appeal" (citation omitted)).

---

[4] The court ordered Waukee to submit an attorney fee affidavit "within 10 days of this order" so the court could "then determine the reasonable amount of attorney fees incurred by [Waukee] and supplement [the summary judgment ruling]." Waukee promptly filed an affidavit. But before the district court could supplement its order, Allen filed his notice of appeal. The district court never made a final determination of attorney fees.

**II. Standard of Review**

"We review summary judgment rulings for correction of errors at law." *Roll v. Newhall*, 888 N.W.2d 422, 425 (Iowa 2016). Summary judgment is appropriate when the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

**III. Discussion**

On appeal, Allen contests the grant of summary judgment on two grounds. First, he argues there are various factual disputes as to the validity of his underlying utility debt. But we do not believe Allen's current arguments are the same as those he made in his resistance to Waukee's summary judgment motion. While Allen's district court brief alleged *constitutional deficiencies* in Waukee's utility regime, Allen's appellate brief raises no constitutional arguments. It does not mention the "procedural due process" and "rational basis" arguments on which Allen relied below. And "[n]othing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 539 (Iowa 2022) (citation omitted). So we decline to consider Allen's current *non*-constitutional attacks on his utility debt.[5] And we affirm the district court's entry of judgment against Allen in the amount of $23.25 for the delinquent utility bill.

---

[5] Alternatively, if Allen's current arguments are truly constitutional arguments despite Allen's failure to mention constitutional provisions or concepts, we conclude those arguments are insufficiently developed for our review.

We turn next to the question of whether Waukee was also entitled to summary judgment as to Allen's challenge of the lien and its accompanying $5.00 administrative fee. Iowa Code section 384.84(1) clearly authorizes cities to "establish, impose, adjust, and provide for the collection of rates and charges" to fund municipal utilities. If an individual fails to pay the "rates or charges for the services of sewer systems, storm water drainage systems, sewage treatment, solid waste collection, water, [or] solid waste disposal," the city may impose a lien on the individual's property. Iowa Code § 384.84(4)(a)(1). But before imposing the lien, a city must give notice. Section 384.83(4)(c) says this:

> A lien for a city utility or enterprise service under paragraph "a" shall not be certified to the county treasurer for collection unless prior written notice of intent to certify a lien is given to the account holder in whose name the delinquent rates or charges were incurred at least thirty days prior to certification. . . . *The notice shall be sent to the appropriate persons by ordinary mail* not less than thirty days prior to certification of the lien to the county treasurer.

(Emphasis added.)

We find the meaning of section 384.83(4)(c) in its words. *See Fishel v. Redenbaugh*, 939 N.W.2d 660, 663 (Iowa Ct. App. 2019). And we agree with Waukee that—according to its plain words—section 384.83(4)(c) only requires a lien notice to be "sent" by "ordinary mail." It does not require receipt. All the same, we agree with Allen that non-receipt can be *circumstantial evidence* as to whether or not the notice was *actually* "sent." *See Duder v. Shanks*, 689 N.W.2d 214, 218 (Iowa 2004) ("Despite the fact that service is accomplished upon mailing and consequently it is not necessary to show receipt, proof that an addressee did not receive a piece of mail is competent evidence that it was not mailed." (citing *Liberty Mut. Ins. Co. v. Caterpillar Tractor Co.*, 353 N.W.2d 854, 858 (Iowa 1984))). And

circumstantial evidence is as good as any. *See, e.g.*, *State v. Crawford*, 974 N.W.2d 510, 517 (Iowa 2022) ("Direct and circumstantial evidence are equally probative."). So Allen's statement under penalty of perjury that he did not receive the notice is sufficient to generate a fact question as to whether the notice was actually "sent" by "ordinary mail" as required by section 384.83(4)(c). So, as to the lien and its accompanying $5.00 fee, we reverse the grant of summary judgment and remand for trial.[6]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[6] We have considered cases in which appellate courts weighed the sufficiency of proof supporting an individual's denial of receipt. *See State v. Williams*, 445 N.W.2d 408, 411 (Iowa Ct. App. 1989); *see also Duder v. Shanks*, 689 N.W.2d 214, 219 (Iowa 2004) (evaluating an affidavit claiming non-receipt of a notice against the clerk of court's records of mailing with the recipient's subsequent conduct); *McDonald v. Sanders*, No. 01-1221, 2002 WL 31114131, at *1 n.2 (Iowa Ct. App. Sept. 25, 2002) (rejecting a "bare denial of receipt" under the framework established in *Liberty Mut. Ins. Co.*, 353 N.W.2d at 858); *State v. Young*, No. 04-1996, 2005 WL 3299080, at *2 (Iowa Ct. App. Dec. 7, 2005) ("Young's mere assertion he did not receive notice is not enough to rebut this [inverse mailbox] presumption."). But none of these cases involved *summary judgment* review. And in the summary judgment context, a court should not *try* the issues, but only determine if there are issues *to be tried*. *See* Iowa R. Civ. P. 1.981(3).