# IN THE COURT OF APPEALS OF IOWA

No. 19-2132
Filed November 30, 2020

**JULIE LOOSE and SAMANTHA LOOSE,**
        Plaintiff,

**vs.**

**KIM WOOD, RONALD MORGAN and GEICO CASUALTY COMPANY,**
        Defendant.
_____

**KIM WOOD,**
        Counterclaim and Third-Party Plaintiff,

**vs.**

**JULIE LOOSE,**
        Counterclaim Defendant-Appellant,

**WELLMARK BLUE CROSS BLUE SHIELD,**
        Third-Party Defendant,

**and**

**PROSPECT FUNDING PARTNERS, LLC,**
        Third-Party Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        Julie Loose appeals the denial of her motion to reconsider the district court's

order confirming the arbitration award in favor of Prospect Funding Partners, LLC.

**REVERSED AND REMANDED.**

Michael J. McCarthy of McCarthy, Lammers & Hines, LLP, Bettendorf, for appellant.

Martha L. Shaff and Brandon W. Lobberecht of Betty, Neuman & McMahon, P.L.C., Davenport, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Iowa Code chapter 679A (2018) governs arbitrations. Section 679A.11 allows a party to apply for district court confirmation of an arbitration award "unless within the time limits imposed under [other provisions] grounds are urged for vacating, modifying, or correcting the award." Iowa Code § 679A.11. Section 679A.12 enumerates the grounds for vacating an award. One ground states the district court "shall vacate an award if . . . [t]he award was procured by corruption, fraud, or other illegal means." Id. § 679A.12(1)(a). An application to vacate the award must be filed "within ninety days after delivery of a copy of the award to the applicant," but "if the application to vacate an award is predicated upon corruption, fraud, or other illegal means, it shall be made within ninety days after those grounds are known or should have been known." Id. § 679A.12(3).

Prospect Funding Partners, LLC (Prospect) obtained an arbitration award against Julie Loose. Prospect filed an application to confirm the arbitration award. The application was filed in a pending case involving Loose, Prospect, and others. Prospect alleged that Loose did not timely move to vacate the award and, accordingly, "the district court was required as a matter of law to confirm the arbitration award."

Loose resisted the application on the ground that she previously filed a document captioned "reply" to Prospect's "cross-claim for declaratory judgment" in which she timely "invoked [the] court's power to vacate the arbitration award under [s]ection 679A.12 . . . and therein laid out her argument concerning the fraud and other illegal means used to collect on a usurious note." The district court filed an

order confirming the arbitration award and entering judgment in favor of Prospect for $67,788.00.

Loose moved for reconsideration of the confirmation order. She asserted "her Answer to Prospect's Cross-claim for Declaratory Judgment should [have] operate[d] as a timely Application to Vacate." The district court set aside the confirmation order and scheduled the matter for hearing. Following an unreported hearing, the court denied Loose's reconsideration motion. The court did not reinstate the order confirming the arbitration award.

On appeal from the denial of her motion to reconsider the confirmation order, Loose argues the district court "exalt[ed] form over substance." In her view, her "reply," filed within ninety days of the arbitration award, alleged fraud and if she had captioned the reply "a motion or application to vacate, we would not be here." Our review is on error. *See $99 Down Payment, Inc. V. Garard*, 592 N.W.2d 691, 693 (Iowa 1999).

Prospect's cross-claim for declaratory judgment against Loose alleged that (1) Loose signed a "sale and repurchase agreement" containing a mandatory arbitration clause; (2) when Loose failed to repay money owing under the agreement, Prospect obtained an arbitration award against her; and (3) Prospect was entitled to an order declaring its right to a lien on certain settlement proceeds obtained by Loose in a personal-injury action.

In her reply to the cross-claim, Loose characterized the "sale and repurchase agreement" as "a loan" or "note." She asserted the loan was "unconscionable and unenforceable under the Iowa Consumer Credit Code." She also stated the note was "usurious." She admitted the note contained an arbitration

clause but stated "that clause, along with every other clause of the '[s]ale and [r]epurchase [a]greement' [was] fraudulent and unenforceable." She affirmatively stated, "Prospect seeks to obtain judgment in excess of $67,000 against [her] on a $4000 loan which was made on November 25, 2015," and "[t]he interest rate on such loan on an annual basis is in excess of 500%." Loose denied Prospect's allegation concerning the arbitration award and affirmatively stated the arbitration proceeding was "unenforceable." Alternatively, she asserted "even if arbitration in this matter was appropriate, neither Prospect nor its arbitrator . . . complied with the provisions of Chapter 679A of the Iowa Code concerning arbitration." Loose asked the district court to "find that the defendant's '[s]ale and [r]epurchase [a]greement' [was] unconscionable and unenforceable in all respects, including its provisions concerning mandatory arbitration."

Prospect does not confront the substance of Loose's reply other than to assert that Loose did not ask to have the arbitration award vacated, an assertion that is technically true but ignores the substance of the reply. Prospect also does not dispute that if the document were construed as an application to vacate the arbitration award, the document was filed within the statutory time frame. *See* Iowa Code § 679A.12(3). Instead, Prospect focuses on the caption. It contends Loose's "responsive pleading" to its cross-claim was neither an "application" nor a "motion" as required by chapter 679A and, because Loose "failed to take the path to judicial relief provided to her by the Iowa legislature," "the [d]istrict [c]ourt did not err in finding that [it was] entitled to confirmation of the arbitration award and entry of judgment against Loose."

Chapter 679A does indeed use the term "application." *See* Iowa Code §§ 679A.11 ("Upon application of a party, the district court shall confirm an award . . . ."), 679A.12(1) ("Upon application of a party, the district court shall vacate an award . . . ."). And chapter 679A states that "an application to the district court under this chapter shall be by motion." *Id.* § 679A.15. But if we were to accept Prospect's argument that a document not captioned a "motion" must be rejected, the district court would have been obligated to reject Prospect's "application" to confirm the arbitration award. Section 679A.15 cannot be read so narrowly. The provision simply clarifies that applications under the chapter "shall be heard in the manner and upon the notice provided by law or rule of civil procedure, for the making and hearing of motions." *Id.*; *see Humphreys v. Joe Johnston Law Firm, P.C.*, 491 N.W.2d 513, 514 (Iowa 1992) ("Applications to the district court to vacate, modify, or correct arbitration awards are by motion and are heard as provided by our rules of civil procedure relating to motions."). In other words, the procedure for handling applications is by way of motion practice rather than trial.

Nor does it make a difference that Loose's response was contained within a "pleading," as Prospect contends. *See* Iowa Rs. Civ. P. 1.401 (defining "an answer to a cross-claim" as an "allowable pleading[ ]"), 1.402(2)(b) ("'Pleadings' . . . do not include motions."). While certain rules attach to pleadings and not to motions, those rules are not implicated here. *See* Iowa R. Civ. P. 1.402(4) ("A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served."); *LM Constr.*

*LLC v. Altoona Hosp. LLC*, No. 17-1060, 2018 WL 3654847, at *2 (Iowa Ct. App. Aug. 1, 2018) ("Motions are not subject to amendment as a matter of course."); *see also* Iowa R. Civ. P. 1.402(5) (discussing when amendments to pleadings relate back); *State v. LePon*, No. 18-0777, 2019 WL 2369887, at *14 (Iowa Ct. App. June 5, 2019) (stating "the relation-back doctrine governs only pleadings" and "[m]otions are not pleadings").

What matters is whether the document filed by Loose raised a timely challenge to the validity of the arbitration award under one of the grounds set forth in section 679A.12. *See Garard,* 592 N.W.2d at 694 ("[I]f an objection to the confirmation is made, the court has a duty to proceed under the vacation or correction statutes." (citing Iowa Code § 679A.11)). Loose's reply plainly asserted that the arbitration award of more than $67,000 was unenforceable because the note on which the award was based was fraudulent and illegal and the arbitration proceeding leading to the award was improper. We conclude the document captioned a "reply" was in substance an application to vacate the arbitration award on the ground that it was "procured by . . . fraud, or other illegal means." Iowa Code § 679A.12(1)(a); *see Gold Crown Props., Inc. v. Iowa Dist. Ct. for Pottawattamie Cnty.*, 375 N.W.2d 692, 700 (Iowa 1985) ("This court often has observed that we look to the substance of a motion rather than its title."); *Tigges v. City of Ames*, 356 N.W.2d 503, 510 (Iowa 1984) ("We have indicated that form must give way to substance and treated a motion to dismiss as a motion for summary judgment."); *Peoples Tr. & Sav. Bank v. Baird*, 346 N.W.2d 1, 2 (Iowa 1984) ("Although our rules do not expressly authorize a motion for rehearing, we look to the substance of the motion and not its title. We conclude that the motion

for rehearing was in essence a motion for enlarged and amended findings under Iowa Rule of Civil Procedure [1.904(2)]." (citations omitted)). We reverse and remand for consideration of Loose's motion to vacate the arbitration award on the merits.

Although Prospect is not the appellant, it too seeks a remand to reinstate the order confirming the arbitration award and "assess [its] costs and expenses, including attorney fees." Prospect did not file a cross-appeal. Accordingly, Prospect is not entitled to this affirmative relief. *See In re Prop. Seized from Li*, 911 N.W.2d 423, 431 (Iowa 2018) ("The claimants did not file a cross-appeal of that adverse ruling. For that reason, claimants failed to preserve this issue for our review, and we decline to reach it." (citations omitted)). That said, our reversal and remand for consideration of Loose's application to vacate the arbitration award necessarily will require consideration of the issues on which Prospect seeks a remand.

**REVERSED AND REMANDED.**